[No. 4793.]

## A. MULL *v.* JANE E. VAN TREES.

PROMISSORY NOTE.—If the widow is executrix of the estate of the deceased husband, and the estate is community property, so that she has an interest in the same, and she gives her own note for a debt of the deceased husband, which is outlawed, under the mistaken opinion that it is not outlawed, there is a sufficient consideration to support the note.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

On the 5th of July, 1866, I. S. Van Trees gave the plaintiff his promissory note for one thousand dollars, due twelve months after date, and from time to time made payments on the same. He died on the 6th of December, 1873, leaving a will, in which the defendant, who was his widow, was named executrix. She qualified and entered upon the discharge of the duties of her trust. A part of the estate consisted of eight hundred acres of land, which had been community property. The executrix gave her own note for the balance due on the said note of her late husband. At the time she gave the plaintiff this note, both she and the plaintiff labored under the mistaken opinion that the note of the deceased was not barred by the Statute of Limitations. This was an action on the note thus given by the widow. The defendant recovered judgment, and the plaintiff appealed.

*McKune & Welty,* for the Appellant.

Does the antecedent debt of the testator constitute a sufficient consideration to support a recovery?

To this point we cite in support of the affirmative: *Trueman* v. *Fenton,* Cowper, 544; *Heyling* v. *Hastings,* Lord Raymond, 389; *Mills* v. *Wyman,* 3 Pick. 309; *Earnest* v. *Parke,* 4 Rawle, 452; *Lloyd* v. *Maud,* 2 T. R. 760; *Bryan* v. *Haneman,* 4 East, 599; *Leaper* v. *Latton,* 16 East, 420.

Our statute is to the same effect. (See Code of Civil Procedure, Sec. 360.) But it is urged that as the estate of I. S. Van Trees cannot be made to pay, that, therefore, the

defendant cannot bind herself to pay the money. This does not follow as a sequence. She labors under no disabilities. The community of which she was a member had the benefit of the money loaned by plaintiff. She did contract in writing to pay; the original consideration was good, and her promise is binding. (1 Parsons on Contracts, 128; *Childs* v. *Monins*, 2 Brod. & B. 460; *Woods* v. *Riley*, 27 Mo. 119; *Foster* v. *Fuller*, 6 Mass. 58; *Rideout* v. *Briston*, 1 Crompton & J. 231.)

*B. Bullard, Jr., and Armstrong & Hinkson,* for the Respondent.

The outlawed debt of the late husband was not a sufficient consideration, either valuable or moral, to support the note. (Civil Code, Secs. 1605 and 1606; *Kennerly* v. *Martin*, 8 Mo. 700; *Watkins* v. *Halstead*, 2 Sandf. 311; *Raymond* v. *Loyl*, 10 Barb. Ch. 487; *Wells* v. *Vance*, 8 Ala. 41; *Eastwood* v. *Kenyon*, 11 Adol. & Ellis, 137.)

By the COURT:

The court below erred in its conclusion of law from the facts found. On the findings of fact the plaintiff was entitled to judgment.

Judgment reversed and cause remanded, with an order to the court below to enter judgment for the plaintiff.

McKINSTRY, J., dissenting:

I dissent. It is clear that there was no moral consideration for the note given by the wife after her husband's death, so far as it represented the balance unpaid of the note of the deceased.

Nor was there any valuable consideration. The Statute of Limitations had run against any action on the note of the husband prior to his death, and it would have been the duty of the executrix to plead the statute as against such an action. The note of the husband was valueless, except so far as the contemplation of a contingency that the executrix might violate her trust, and permit a judgment to be

taken against the estate, may be supposed to have given it value. But it was in her power, and it was her sworn duty, to prevent such judgment. She had no legal option to plead or not plead the statute. The plea was not a personal privilege to be employed at her discretion. The law imposed on the executrix the obligation of pleading the Statute of Limitations, and I think the courts are not authorized to assume a violation of the law, for the purpose of giving a possible value to the note of the husband as a claim against the estate.