[S. F. No. 570.   Department Two.—September 4, 1897.]

RICHARD LAMBERT, Respondent, v. WILLIAM SCHMALZ, Appellant.

118   33
127   530
118   33
139   252

DEBT DISCHARGED IN INSOLVENCY—NEW PROMISE—CONSIDERATION.—When a debt has been discharged by proceedings in insolvency, the remedy to enforce the payment of the debt is gone, but the moral obligation to pay it still remains and is a good consideration for a new promise to make such payment.

ID.—ACTION UPON NEW PROMISE—PROOF REQUIRED.—When an action is brought to recover a debt discharged in insolvency, it must be based upon the new promise, and, to support the action, it must appear that the promise was clear, distinct, unconditional, and unequivocal.

ID.—EVIDENCE OF NEW PROMISE—STATEMENTS PRIOR TO DISCHARGE.—Where there was evidence of repeated promises to pay the debt made after the discharge in insolvency, and a number of payments were made upon it by the defendant thereafter, statements made by the defendant, prior to the discharge, that he would pay plaintiff every dollar of the money, though not constituting such a promise as would remove the bar of the discharge, may properly be considered as supporting the evidence of promises subsequently made.

ID.—NOTE FOR MONEY LOANED—ORAL PROMISE—INTEREST.—Where the debt discharged was a note given for money loaned, bearing interest at the rate of two per cent per month, a clear and unconditional oral promise to pay the debt may be the subject of an action, but, in such case, the indebtedness only bears legal interest from the date of the promise.

ID.—PERCENTAGE.—No percentage can be recovered by the plaintiff in such action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

Jacob Samuels, for Appellant.

A new promise to pay a discharged debt must be express, clear, distinct, unconditional, and unequivocal. (*Meech v. Lamon*, 103 Ind. 513, 515; 53 Am. Rep. 540; *Allen v. Ferguson*, 18 Wall. 1; *Bennett v. Everett*, 3 R. I. 152; 67 Am. Dec. 498; *Apperson v. Stewart*, 27 Ark. 619; *Tolle v. Smith*, 98 Ky. 464; *Elwell v. Cumner*, 136 Mass. 102; *Biglow v. Norris*, 141 Mass

CXVIII. CAL.—3

14; *Dennan v. Gould*, 141 Mass. 16; *La Tourrett v. Price*, 28 Miss. 702; *Stern v. Nussbaum*, 47 How. Pr. 489; *Craig v. Seitz*, 63 Mich. 727; *Brewer v. Boynton*, 71 Mich. 254.) The promises proved were to pay twenty-five dollars per month, and as soon as he was able to pay it all. There is no allegation of either of these promises, nor of ability of the defendant to pay. (*McCormick v. Brown*, 36 Cal. 180; 95 Am. Dec. 170; *Tolle v. Smith*, *supra*; *Richardson v. Bricker*, 7 Colo. 58; 49 Am. Rep. 344; *Mason v. Hughart*, 9 B. Mon. 480; *La Tourrett v. Price, supra*; *Sherman v. Hobart*, 26 Vt. 60.) A declaration of intention or expectation to pay the debt does not amount to a new promise. (*Brewer v. Boynton, supra*; *Lawrence v. Harrington*, 122 N. Y. 408; *Elwell v. Cumner, supra*; *Meech v. Lamon, supra*; *Dennan v. Gould, supra*; *Pierce v. Seymour*, 52 Wis. 272; 38 Am. Rep. 737; *Patterson v. Neuer*, 165 Pa. St. 66.) A part payment is not sufficient to authorize the implication of a new promise to pay. (*Lawrence v. Harrington, supra*; *Institution for Saving v. Littlefield*, 6 Cush. 210; *Stark v. Stinson*, 23 N. H. 259; *Allen v. Ferguson, supra*; Hilliard on Bankruptcy, sec. 53.)

Henley & Costello, for Respondent.

BELCHER, C.—On December 13, 1893, the defendant, for a valuable consideration, executed to the plaintiff his promissory note for the sum of seven hundred and fifty dollars, payable ninety days after date, with interest at the rate of two per cent per month from date until paid. On June 12, 1894, the defendant was discharged in insolvency "from all his then existing debts, and among others the said indebtedness on said promissory note above mentioned." In the months of January and February, 1894, defendant paid on the note the interest due in those months, in April following he made a payment of twenty-five dollars, and between the months of July, 1894, and March, 1895, inclusive, he made several other payments aggregating one hundred and seventy-four dollars. He afterward refused to make any more payments, and thereupon plaintiff commenced this action. The complaint alleged, among other things, "that subsequent to the said discharge in insolvency and at various times in the months of July and August, 1894, the said defendant, Will-

iam Schmalz, promised and agreed to and with this plaintiff that he would pay to this plaintiff the full amount of said promissory note, to wit, the sum of seven hundred and fifty dollars," and that pursuant to said promise he afterward paid to plaintiff several specified sums of money; "that no part of the said sum of seven hundred and fifty dollars, which the said defendant promised to pay as aforesaid, has been paid, save and except the above mentioned amounts and also interest in the amount of fifteen dollars for January, 1894, and fifteen dollars for February, 1894." Wherefore judgment is asked for the sum of seven hundred and fifty dollars, and interest thereon from the 13th day of February, 1894, and costs.

The answer denied the principal averments of the complaint, and prayed judgment that the plaintiff take nothing by his action.

The case was tried by the court without a jury, and the court found, among other things, "that all the allegations of said complaint are true and have been fully sustained by the testimony herein, free from all exception as to its competency, admissibility and sufficiency"; and that the plaintiff was entitled to judgment against the defendant for the sum of seven hundred and fifty dollars, "with percentage and costs of suit."

Judgment was accordingly so entered, from which and from an order denying a new trial the defendant appeals.

Appellant contends that the findings were not justified by the evidence; and whether, subsequent to his discharge in insolvency, he made any promise to pay the alleged indebtedness to the plaintiff sufficient to remove the bar of the discharge is the principal point presented for decision.

When a debt has been discharged by proceedings in insolvency, or has become barred by the statute of limitations, the remedy to enforce the payment of the debt is gone, but the moral obligation to pay it still remains and is a good consideration for a new promise to make such payment. (*Chabot v. Tucker*, 39 Cal. 434; *McCormick v. Brown*, 36 Cal. 180; 95 Am. Dec. 170.) And it is well settled that when an action is brought to recover such a debt it must be based upon the new promise, and to support the action it must appear that the promise was clear, distinct, unconditional, and unequivocal.

In case of insolvency or bankruptcy the new promise may be oral, but, under our statute, to remove the bar of the statute of limitations the promise must be in writing. (Code Civ. Proc., sec. 380.)

It was proved that the note in question was given for money loaned, and that shortly after receiving it plaintiff turned it over to Miss Delia Desmond, with whom his daughter was boarding, with authority to collect the interest thereon for three months to pay the daughter's board; that plaintiff then went east, and on January 31st defendant filed his petition in insolvency; that in January and February defendant paid the interest to Miss Desmond, as before stated.

Miss Desmond testified that on March 13th she went again to collect the interest, and defendant then said: "I cannot make this payment to-day. I have failed"; that she appeared alarmed, and he said: "Don't be alarmed; I will pay Mr. Lambert every dollar of his money." And this evidence was confirmed by the daughter who was present and heard the conversation.

Plaintiff was a witness in his own behalf and testified:

"Q. State what conversation you had and what promises, if any, were made by the defendant in regard to the payment of this note. Take the last promise he made, and state the date of it and what it was. A. It was continuous. I returned from the east about the early part of March, 1894. I called at his place of business, and he told me that he had applied for a discharge from his debts; but not to feel alarmed, he would pay me every dollar of my money. At that time he paid me nothing. After that he paid me as I said before. After he had started in business again he told me to call at his place the first of every month and he would hand me twenty-five dollars."

"The Court.—When was that promise made? A. I think that was the 1st of August, or September, or October, or in that vicinity, 1894; I am not sure of the date. In August, 1894, he paid me $25 on the first of the month, $25 the first of September, and $25 the first of October; I cannot be accurate about the dates; it may be a month subsequent or prior; but he paid me for three or four months promptly, and finally he stopped paying, and I commenced this suit against him."

"Q. Before you commenced this suit did you have a conversa-

tion with him about the payment of this debt?   A. Yes, sir, he always told me he would pay it; at least half a dozen times; and they were thoroughly unconditional promises, and our relations were such that I believed he intended to do it.   These promises were made constantly after the 12th of June, 1894.   I demanded payment of him before I commenced suit; I was not paid."

The witness was cross-examined at considerable length, but the answers elicited were in effect only reiterations of the statements made by him on his examination in chief.

The question then is, Does it appear from the evidence that there was such a clear, distinct, unconditional and unequivocal new promise to pay the debt as was necessary to enable plaintiff to maintain the action?

At the end of the trial the learned judge of the court below stated: "I think in view of all the circumstances, and I am satisfied from the testimony, that there was a clear and unconditional promise to pay the amount of the indebtedness"; and this conclusion we think must be sustained.

It is true the statements made by defendant prior to his discharge, that he would pay plaintiff every dollar of his money, did not constitute such a promise as would remove the bar of the discharge, but they were proved without objection and may properly be considered as showing an intention to pay the debt in any event, and as supporting the evidence of promises subsequently made.   So, too, the payments afterward made did not alone remove the bar of the discharge, or show that plaintiff had any existing cause of action, but they were testified to by both plaintiff and defendant, and clearly indicated that defendant recognized the fact that he was under some obligation to pay the debt.

The only other point made is that the judgment as entered was for a larger sum than plaintiff was entitled to recover under the new promises, as alleged and proved.   The judgment was for the sum of seven hundred and fifty dollars, "together with the further sum of thirty-seven and 50-100 ($37.50) dollars percentage," and costs of suit.   The complaint alleges that in the months of July and August, 1894, defendant promised to pay plaintiff "the full amount of the said promissory note, to wit, the sum of seven hundred and fifty dollars," but there is no allegation that he promised to pay more than that sum, and that, with the inter-

est that subsequently accrued thereon, must therefore be the limit of his liability.

From the time the new promise was made and became binding the indebtedness bore interest at the legal rate. Assuming that that promise was made in July, 1894, the interest up to the time the judgment was entered would amount to only about seventy-four dollars. The payments made before the discharge were properly applied to the payment of the interest then accrued on the note, but the payments made after the new promise were sufficient to pay the said sum of seventy-four dollars interest and one hundred dollars of the debt. And so far as we can see there was no ground for awarding the plaintiff $37.50 "percentage."

It follows, we think, that the judgment and order appealed from should be reversed and the cause remanded for a new trial, unless the respondent shall, within twenty days after the remittitur is filed in the court below, satisfy the judgment to the extent of $137.50 and the interest accrued on that sum, in which event the judgment so reduced should stand affirmed, without costs to either party in this court.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for a new trial, unless the respondent shall, within twenty days after the remittitur is filed in the court below, satisfy the judgment to the extent of $137.50 and the interest accrued on that sum, in which event the judgment so reduced shall stand affirmed, without costs to either party in this court.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.