[Civ. No. 1112.   First Appellate District.—December 5, 1912.]

# LEOPOLD OPPENHEIMER, Respondent, v. RADKE & CO., Appellants.

BANKS—DISCOUNT OF NOTE—CREDIT OF PAYEE—PAYMENT PRIOR TO NOTICE OF INFIRMITY—QUESTION AS TO PURCHASE FOR VALUE.— Though the mere passing of the amount of a note by a bank discounting the same, to the credit of the payee, is not a purchase thereof for value; yet if, before notice of an infirmity in the note the discounting bank pays out the amount of the note for which the credit was given, to the depositor or his order, such bank becomes a purchaser for value.

ID.—EFFECT OF SUBSEQUENT DEPOSITS OR DISCOUNTS ON PURCHASE FOR VALUE—APPLICATION OF PAYMENTS.—The rule of protection of the bank as to a note so purchased without notice of any infirmity therein, is not affected by the fact that the depositor by subsequent deposits or discounts, preserves a constant balance to his credit, since in the absence of special facts demanding a different rule, payments are applied to the oldest debts.

ID.—SUPPORT OF FINDING AS TO CHECKING OUT NOTES BEFORE NOTICE OF INFIRMITY — UNCERTAINTY IN EVIDENCE MATTER FOR TRIAL COURT.—It is held that there is sufficient evidence in the record to support the finding of the trial court that the payees checked out the amount of two notes in question discounted by the bank before the bank learned of any infirmity therein; and that any uncertainty appearing in the evidence was matter to be resolved by the trial court, and that the appellate court must accept such reasonable interpretation of the evidence as will support the finding.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Henry C. Schaertzer, for Appellants.

Lilienthal, McKinstry & Raymond, for Respondent.

HALL, J.—This is an appeal from a judgment rendered against defendants as the makers of two promissory notes aggregating the principal sum of $2,206.87, for which amount and interest thereon judgment was rendered for plaintiff as the indorsee of said notes.

The two notes are in terms payable to Ciner and Seeleman who, before maturity thereof, indorsed them to the State Bank of New York, which passed the amount of the two notes, less the discount therefor, to the credit of Ciner and Seeleman. This transfer to the bank occurred in the spring of 1910, and the bank took the notes without notice of a defense that existed against the payees of said notes and in favor of defendants, the makers; and it is conceded by defendants that plaintiff was entitled to recover unless, as is contended by appellants, the finding made by the court that the State Bank was a purchaser for value, is not supported by the evidence.

The bank received no notice of the facts constituting the defense as between the payees and appellants until after the maturity of the notes.

That the mere passing of the amount of a note, by a bank discounting the same, to the credit of the payee thereof, is not a purchase for value, is established by the great weight of authority. (*Fox* v. *Bank of Kansas City,* 30 Kan. 441, [1 Pac. 789]; *Central Bank* v. *Valentine,* 18 Hun, (N. Y.) 417; *Manufacturers' Nat. Bank etc.* v. *Newell,* 71 Wis. 309, [37 N. W. 420]; *Thompson* v. *Sioux Falls Nat. Bank,* 150 U. S. 231, [37 L. Ed. 1063, 14 Sup. Ct. Rep. 94].)

The same authorities also establish the rule that the discounting bank does become a purchaser for value if, before notice of an infirmity in the note, it pays out the amount for which credit was given, to the depositor or to his order. This rule obtains, although the depositor, by subsequent deposits or discounts, preserves a constant balance to his credit, for in the absence of special facts demanding a different rule payments are applied to the oldest debts. (*Fox* v. *Bank of Kansas City,* 30 Kan. 441, [1 Pac. 789].)

We think there is sufficient evidence in the record to justify the conclusion that the payeees checked out the amount of the notes before the bank learned of any infirmity therein.

Arnold Kohn, the officer of the State Bank who represented the bank in its dealings with Ciner and Seeleman, was examined under a commission issued out of the court. In his deposition there occurs the following:

"Q. Now, your procedure was, on taking this commercial paper, I presume, to simply pass the amount of the discount to the credit of Ciner and Seeleman?

"A. The account.

"Q. Then they checked against it as they pleased?

"A. Then they checked it out, yes."

There is some uncertainty whether or not the witness, in his answers above quoted, meant simply to speak of the general course of business in the bank's dealings with Ciner and Seeleman, or as to what occurred in respect to the particular notes sued on. Any uncertainty in this regard was a matter to be resolved by the trial court; and upon this appeal we must accept as correct such reasonable interpretation as will support the finding of the trial court. If the witness meant to say that Ciner and Seeleman had checked out the amount of the credit given for the discount of the notes in suit, there can be no doubt but that the bank gave value for the notes in suit before learning of any infirmity therein. The condition of the record is such that we cannot say that the court was not justified in believing from the evidence of Kohn that Ciner and Seeleman had checked out the credit given on the discount of the notes in suit. Especially is this true in view of the further fact that Ciner and Seeleman had, before the notes in suit fell due, failed and made a composition with their creditors, and subsequently settled and took up other notes, referred to in the testimony as the Deutsch notes, aggregating about one thousand one hundred dollars, that they had discounted with the State Bank, and which had gone to protest. If the credit given on the discount of the notes in suit in the spring of 1910 had not been checked out or otherwise exhausted, the bank could have applied such balance to the settlement of the Deutsch notes, and there would have been no necessity for Ciner and Seeleman settling and taking up such notes. The fact that they did so supports an inference that at that time there was no balance to their credit to offset the claim against them on the Deutsch notes.

We think the judgment must be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.