[Civ. No. 4371. Second Appellate District, Division One.—April 2, 1925.]

PACIFIC ACCEPTANCE CORPORATION (a Corporation), Respondent, v. S. B. GOODMAN, Appellant.

[1] NEGOTIABLE INSTRUMENTS—ACTION UPON CHECK—GOOD FAITH—INFIRMITY IN INSTRUMENT—DEFECT IN TITLE—EVIDENCE.—In an action by a transferee to recover the amount due on a check made by defendant and delivered to plaintiff's assignor — the payee named in the check—whose title to the check was defective, where the facts, relating to the negotiation of the check by the payee

to plaintiff, show that the payee, being indebted to plaintiff, delivered to the latter several of its checks drawn on a certain bank; that plaintiff, upon being advised by the bank that there was not sufficient money to pay such checks, telephoned the president of the payee company in another city and advised him about the unpaid checks; that, in accordance with his promise, the president of the payee company did go to the city where plaintiff was and brought with him the check in suit which he had obtained from defendant, and on behalf of the payee indorsed and delivered the same to the plaintiff, there is nothing in such facts showing that plaintiff did not take the check in suit in good faith, and without notice of any infirmity in the instrument or defect in the title of the payee.

[2] ID.—HOLDER IN DUE COURSE—BURDEN OF PROOF—VALUE.—In such action, since the title of the payee named in the check was in fact defective, the burden was thereby cast upon the plaintiff to prove that it acquired the title as holder in due course, and the plaintiff was, therefore, required to affirmatively prove that it took the check for value.

[3] ID.—ACCEPTANCE OF CHECK UPON CONDITION—PAYMENT—HOLDER FOR VALUE AND IN DUE COURSE.—In such action, plaintiff was not a *bona fide* holder of the check in suit for value and in due course, where the check was received by plaintiff upon the understanding that the payee's account with plaintiff was to be credited with the amount of the check only when the check was actually paid, but payment of which was refused.

[4] ID.—PAYMENT—CONTRACTS.—In such action, plaintiff's taking from plaintiff's debtor a check of a third person to plaintiff's debtor did not operate as payment of the debt to plaintiff unless plaintiff agreed to take the check as payment.

[5] ID.—SURRENDER OF DISHONORED CHECKS—CONSIDERATION.—In such action, the surrender by plaintiff to the payee of its own dishonored checks in exchange for the check of defendant was not, under the circumstances, the payment of a valuable consideration for defendant's check.

---

(1) 8 C. J., p. 1046, n. 9, p. 1047, n. 10.   (2) 8 C. J., p. 983, n. 45, p. 984, n. 60.   (3) 8 C. J., p. 483, n. 85; 30 Cyc., p. 1197, n. 33.   (4) 8 C. J., p. 482, n. 84.   (5) 8 C. J., p. 481, n. 72 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

---

2.  See 3 R. C. L. 1033; 19 Cal. Jur. 1038.
5.  See 3 R. C. L. 1054.

H. C. Millsap and N. J. Kendall for Appellant.

Loewenthal, Collins & Loewenthal for Respondent.

CONREY, P. J.—The defendant appeals from a judgment rendered against him for the amount due on a check of three thousand dollars made by him and delivered to plaintiff's assignor. We have not been favored with any brief or argument on behalf of respondent.

Apparently it is a fact, and we shall so assume, that as against the Pacific Motors Corporation, named as payee in the check, the defendant at all times has had a good defense. The trial court, however, determined that the plaintiff is a holder of said check in due course and for value. If the record supports that decision, the judgment must be affirmed.

The payee's title to the check was defective, within the meaning of the Civil Code title relating to negotiable instruments, by reason of the fact that the payee negotiated the instrument to the plaintiff in breach of faith and under such circumstances as amounted to a fraud on the part of the payee. (Civ. Code, sec. 3136.) It is admitted that respondent took the check under conditions sufficient to establish its position as a holder in due course in all respects, except that appellant contends that respondent did not receive the check for value or without notice of infirmity in the instrument or of the defect of the payee's title. (Civ. Code, sec. 3133.) To be charged with notice of such infirmity or defect, respondent must have had knowledge thereof, or knowledge of such facts that its action in taking the instrument amounted to bad faith. (Civ. Code, sec. 3137.)

The facts relating to the negotiation of the check by the payee to plaintiff are as follows: The Pacific Motors Corporation being indebted to the plaintiff, its president, Mr. Kux, on June 18, 1920, delivered to plaintiff several checks of the Pacific Motors Corporation, drawn on a bank in San Francisco. The bank advised plaintiff that there was not sufficient money to pay these checks. Thereupon an officer of plaintiff telephoned Kux in Los Angeles and advised him about said unpaid checks. In reply Kux stated that he was working on a deal in Los Angeles and expected to leave that night for San Francisco, and would bring an amount of money to plaintiff the following morning. Accordingly Kux

did go to San Francisco and brought with him the check which he had obtained from defendant, and on behalf of the payee indorsed and delivered the same to the plaintiff. [1] We are unable to discover in the circumstances shown by the stipulation of facts that the plaintiff did not take the check in good faith, and without notice of any infirmity in the instrument or defect in the title of the payee.

There is only one question remaining. Was the plaintiff one who acquired the check for value? At the trial it was stipulated that at the time of delivery of the check to the plaintiff it was understood that the account of Pacific Motors Corporation should be credited with the amount of the check when the check was collected; that the check was received, presented to the bank upon which it was drawn, and not paid; that the delivery and acceptance of the check was not to affect the account in any way until paid; that the check was not delivered or received in payment of the account, or in payment of any part of the account, and that the account never was credited with any sum whatever by virtue of the execution of the check. It was further stipulated that certain testimony given in a deposition of Mr. Levin, vice-president of plaintiff, was true. In that testimony Mr. Levin said: "At the time Kux gave me the Goodman check he told me that he wanted me to return the checks which I had and which were refused payment by the bank, and I thereupon delivered to him three or four checks which he had previously given me, aggregating about $3000.00, drawn on the Anglo-Paris & London National Bank."

At this point it is of importance to take into consideration the question as to which party must carry the burden of proof upon the issue of fact. [2] Since the title of the payee named in the check was in fact defective, the burden was thereby cast upon the plaintiff to prove that it acquired the title as holder in due course. (Civ. Code, sec. 3140.) It follows that the plaintiff is required to affirmatively prove that it took the check for value.

[3] Appellant contends that according to the record herein it is established that the check was accepted by plaintiff as a conditional credit or for collection; and that those facts are insufficient to constitute the plaintiff a *bona fide* holder for value and in due course. We are of the opinion that this contention must be sustained. The rule appears to be es-

tablished by authority that the taking of a note, either of the debtor or of a third person, for a prior existing debt is no payment, unless it be expressly agreed to take the note as payment; and that upon failure to pay such note the creditor may ignore it and sue upon the original debt. (*Merchants Nat. Bank* v. *Bentel,* 166 Cal. 473, 477 [137 Pac. 25].) [4] So here, by way of direct application of the rule above stated, it must be held that taking from plaintiff's debtor a check of a third person to plaintiff's debtor does not operate as payment of the debt to plaintiff unless plaintiff agreed to take the check as payment. Manifestly, this was not done in the present case. The original debt of the Pacific Motors Corporation to plaintiff remained unaffected by the transfer of the check, and was thus to remain until actual payment of the check. Under such circumstances the indorsee of the check has not beome a purchaser for value. (*Oppenheimer* v. *Radke & Co.,* 20 Cal. App. 518 [129 Pac. 798].) Concerning actual payment of the consideration, as a condition essential to the position of one claiming to be a *bona fide* purchaser, Mr. Pomeroy says: ''It is further settled that there must be actual payment before any notice, or, what in law is tantamount to actual payment, a transfer of property or things in action, or an absolute change of the purchaser's legal position for the worse, or the assumption by him of some new, irrevocable legal obligation.'' (Pomeroy's Equity Jurisprudence, 4th ed., sec. 751.)

Section 3135 of the Civil Code reads as follows: ''Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him.'' The consideration for the transfer of the check by the payee to plaintiff was purely conditional. It amounted to nothing more than an agreement at a future date to credit the amount of the payee with the payment of three thousand dollars, said date being concurrent with and dependent upon the collection of the Goodman check. Since payment of that check was refused, and since the infirmity and defect in the title of the payee was thereupon promptly disclosed, prior to the passing of any consideration from the plaintiff on account of the indorsement of the check to it, we are of the opinion that

plaintiff holds the check subject to the original defenses which defendant had against the payee. **[5]** We think that the surrender by plaintiff to the payee of its own dishonored checks in exchange for the check of appellant was not, under the circumstances, the payment of a valuable consideration for appellant's check.

The judgment is reversed.

Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 1, 1925.

Shenk, J., did not participate.