[Civ. No. 5669. Second Appellate District, Division One.—October 28, 1929.]

BANK OF ITALY (a Corporation), Respondent, v. WEL-BILT AUTO BODY COMPANY (a Copartnership), Appellant.

Page, Nolan, Rohe & Freston and Ralph E. Lewis for Appellant.

A. S. Goldflam for Respondent.

HOUSER, J.—The facts upon which this appeal is predicated are that the defendant bought some lumber from a man

by the name of Bergman, in payment of which the defendant gave its trade acceptance to Bergman, payable about sixty-seven days from the date thereof. Some years preceding such transaction Bergman, who theretofore had become indebted to the plaintiff bank, was adjudicated a bankrupt. The debt owing by Bergman to the bank, although listed by Bergman in his schedule of liabilities in the bankruptcy proceeding, was not paid either in whole or in part, but on his discharge in bankruptcy Bergman was legally relieved from the necessity of paying such debt. In addition thereto, at the time the transaction here involved occurred the statute of limitations had run against the debt. After Bergman had received the trade acceptance, but before its maturity, he indorsed it to the bank in attempted part payment of the said debt theretofore contracted by him in favor of the bank, and the trade acceptance was received by the bank without notice of any defense by the drawer (defendant) thereto. As testified by an officer of the bank, no immediate credit was given Bergman's former account by reason of the receipt by the bank of the trade acceptance—its intention being to collect on the trade acceptance if possible and then to apply the proceeds thus collected to a credit on Bergman's debt, which, however, theretofore had been "charged off" its books as a loss. As between the original parties to the trade acceptance, it appears that the drawer (defendant herein) had a good defense. On the trial of the action judgment was rendered in favor of the plaintiff, and the defendant has appealed therefrom.

Appellant's statement of the question involved is, first, whether an indorsee of a trade acceptance who has no actual notice of the drawee's defenses thereto is a holder in due course and for value, where he takes that instrument with the intention of collecting the same, and if successful, to apply the proceeds in satisfaction, or partial satisfaction, of a prior debt, in the meantime giving the indorser no credit at all; and, second, even if specifically applied in partial satisfaction of a prior debt which had been discharged in bankruptcy and against which the statute of limitations had run, where there was no promise to pay or acknowledgment of the debt ever made in writing, is such an indorsee a holder in due course and for value?

Section 3133 of the Civil Code is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

. "(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

. "(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Appellant concedes that, with the exception of the question of whether "value" was given, all the elements necessary to constitute the bank a holder of the trade acceptance in "due course" were present in the transaction. The only legal question, therefore, with which this court is concerned is whether in the circumstances presented herein it may be declared that the Bank of Italy gave value for the trade acceptance in question.

In the case of *Lambert* v. *Schmalz*, 118 Cal. 33, 35 [50 Pac. 13], it is said: "When a debt has been discharged by proceedings in insolvency, or has become barred by the statute of limitations, the remedy to enforce the payment of the debt is gone, but the moral obligation to pay it still remains and is a good consideration for a new promise to make such payment. (Citing cases.) . . . "

In *Hoover* v. *Wasson*, 11 Cal. App. 589, 595 [105 Pac. 945], where several authorities are cited, the principle is laid down that, although a debt be barred by the statute of limitations, it will constitute a good and valuable consideration for a promissory note. See, also, *Feeny* v. *Daly*, 8 Cal. 84; *McCormick* v. *Brown*, 36 Cal. 180 [95 Am. Dec. 170]; *Chabot* v. *Tucker*, 39 Cal. 434, 437; *Mull* v. *Van Trees*, 50 Cal. 547; *Booth* v. *Hoskins*, 75 Cal. 271 [17 Pac. 225]; *Baxter* v. *Brandenburg*, 137 Minn. 25 [163 N. W. 516]; *Merchants' Protective Assn.* v. *Popper*, 59 Utah, 470 [204 Pac. 107]; *Mutual Reserve Fund Life Assn.* v. *Beatty*, 93 Fed. 747 [35 C. C. A. 573]; *Winbourn* v. *Crump*, 77 Colo. 574 [238 Pac. 58].

It would therefore appear that ordinarily, as between the debtor and the creditor, a new obligation will be sufficiently supported by an antecedent debt, even though

at the time the new obligation be created the statute of limitations has run against the original debt, or, by an order in bankruptcy proceedings, the debtor has been discharged from liability. However, at least when the rights of third persons are injected into the controversy, a different situation is presented. In the latter contingency it must appear that the new obligation was unconditionally accepted in lieu and in payment, in whole or in part, of the old one, so that whatever befall the new obligation the creditor may not, at his pleasure, disregard it and thereafter reinstate the old debt. The principle is positively asserted and illustrated in the case of *Pacific Acceptance Corp.* v. *Goodman*, 72 Cal. App. 143 [236 Pac. 964]; and, to the same effect, see *Merchants' Nat. Bank* v. *Bentel*, 166 Cal. 473 [137 Pac. 25], and authorities there cited.

In the instant case the evidence is to the effect that at the time the trade acceptance passed to the plaintiff bank Bergman received nothing; his former account with the bank was not credited in any amount, nor was it ever to be credited until the trade acceptance matured and was paid. So far as the bank was concerned it gave no new consideration for the trade acceptance; its position remained unchanged; the effect on the bank was that if the trade acceptance were paid the bank would be the gainer, in that an outlawed claim held by it would be liquidated; but if the trade acceptance were not paid, no present loss would result to the bank by reason of the transaction. As an officer of the bank testified: "We didn't even credit his (Bergman's) account. . . . We took it (the trade acceptance) and at its maturity we were to give Bergman credit. . . . I took it to cover the loss that had already been charged off to our profit and loss account, and we are still holding it with the hope that we will be able to liquidate part of the $472.60 with the proceeds when we get a judgment. . . . " As is said in the case of *Pacific Acceptance Corp.* v. *Goodman*, 72 Cal. App. 143, 147 [236 Pac. 964, 965]: "The consideration for the transfer of the check by the payee to plaintiff was purely conditional. It amounted to nothing more than an agreement at a future date to credit the account of the payee with the payment of three thousand dollars, said date being concurrent with and dependent upon the collection of the Goodman check."

In the instant case it results that, as far as the defendant was concerned, the plaintiff gave no value for the trade acceptance, and, consequently, that it was not a holder in "due course."

The judgment is reversed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 15, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1929.

All the Justices present concurred.