[Civ. No. 5864.   Second Appellate District, Division Two.—March 21, 1930.]

PEOPLES FINANCE AND THRIFT COMPANY OF POMONA VALLEY (a Corporation), Respondent, v. MATTHEWS FRUIT COMPANY (a Corporation) et al., Appellants.

Le Roy M. Edwards and O. C. Sattinger for Appellants.

A. L. Hickson and Nichols, Cooper & Hickson for Respondent.

NORTON, J., *pro tem.*—This is an action to recover the amount of a check made by the appellant corporation and delivered to the defendant Oakes, who transferred it the same day to the respondent. The defendants other than Oakes pleaded fraud and want of consideration as a defense to the action and that the respondent took with notice of his equities. Oakes, the assignee of the check, was owing respondent the sum of $805.75, which was evidenced by two promissory notes and secured by a chattel mortgage of Oakes to one Caplan and assigned to respondent. The check was for $1500 and represented partial payment for the crop of oranges then growing on Oakes' ranch. The same day that Oakes received the check from the corporation he transferred it to respondent. The respondent paid him the sum of $694.25, being the difference between what Oakes then owed the respondent and the principal amount of the check and agreed that if the check was paid by the bank upon which it was drawn respondent would cancel Oakes' debt to it. The check was duly presented to the bank and payment was refused. Upon the same day that payment of the check was stopped appellants notified the respondent of the fraud, that the Stewart Fruit Company had a mortgage on the crop, and that they received no consideration for the check. At the time of the trial Oakes' note and security were still in the possession of respondent and had not been canceled by it. The weight of authority supports the rule that where a note is taken for a pre-existing debt it does not operate as payment unless there is an express agreement to that effect and where there is no such agreement the original debt is not discharged and the creditor may sue upon it. (*Merchants' Nat. Bank* v. *Bentel,* 166 Cal. 473 [137 Pac. 25]; *Phoenix Ins. Co.* v. *Church,* 81 N. Y. 218 [37 Am.

Rep. 494] ; *Dresser* v. *Missouri & Iowa Ry. Con. Co.,* 93 U. S. 92 [23 L. Ed. 815, see, also, Rose's U. S. Notes].)

■ This rule applies where a check is taken and unless it is agreed at the time the check is indorsed it shall constitute payment it does not operate as such and the debt for which it is given is not extinguished. (*Pacific Acceptance Corp.* v. *Goodman,* 72 Cal. App. 147 [236 Pac. 964].)

■ In this case the facts disclose no such agreement between Oakes and appellants upon the transfer of the check and the conduct of the indorsee indicates that the understanding was otherwise. The purchase price was the payment of the money received by Oakes upon the transfer to the respondent and the cancellation of his debt to it, which last portion of the agreement remained unperformed. Upon principle the respondent is no different from an indorsee who has agreed to pay the consideration for a note in partial payments.

· It follows from what has been said that the respondent, having received notice of infirmities in the check before the performance of the residue of its contract of purchase, was not a holder in due course as to the amount of the pre-existing debt due it from Oakes at the time it received the check involved (Civ. Code, sec. 3135), and the finding of the trial court to this effect is not supported by the evidence. ■ Appellant corporation upon the trial sought to show that the check was obtained by Oakes from it through fraud and that it received no consideration for it. Objections to this evidence upon the ground it was immaterial were sustained. The appellant under the state of the case should have been permitted to introduce the evidence. It appeared from plaintiff's evidence that at the time it was notified that payment of the check had been refused it was notified by appellants that Oakes had a defective title to the check and at that time part of the consideration had not passed from it and as to this residue of its contract respondent was not a holder in due course and the burden was upon appellants to show fraud in the inception of the check.

Judgment reversed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.