[Civ. No. 998. Fourth Appellate District.—December 15, 1932.]

C. D. HOWLAND, Appellant, v. IDA LEONARD et al., Defendants; MALCOLM HARMON, Respondent.

Nathan M. Dicker for Appellant.

Ernest M. Torchia for Respondent.

JENNINGS, J.—Plaintiff originally instituted this action against the defendants Ida Leonard, John Doe Leonard, her husband, and Charles Leonard, to rescind, on the ground of fraud, a certain contract entered into between him and defendants Ida Leonard and Charles Leonard. The contract whose rescission was sought was one whereby plaintiff had agreed to exchange an interest in a confectionery store which he owned in the city of Los Angeles for the lease, equipment and furnishings of a motion picture theater in the same city owned by said defendants. As consideration for the transfer to him of the theater and its equipment, plaintiff, in addition to turning over to said defendants his interest in the confectionery establishment, also executed his promissory note for $2,700 in favor of defendant Ida Leonard and as security for its payment executed in her favor a mortgage upon certain real property owned by him. In the original complaint for rescission of the agreement of exchange it was alleged that the defendants had not transferred the note and mortgage and as part of the relief

demanded, return of these instruments was sought. It appears, however, that at some time subsequent to the filing of the original complaint plaintiff discovered that the defendant had transferred the before-mentioned note and mortgage to one Malcolm Harmon. Plaintiff thereupon, by permission of court, amended the complaint by inserting the name of said transferee as a defendant in said action in place of a fictitious defendant. Thereafter, plaintiff filed an amended complaint in which said Malcolm Harmon was named as a defendant. This amended complaint alleged that the before-mentioned note and mortgage had been transferred and assigned by defendants Ida Leonard and Charles Leonard to the defendant Malcolm Harmon and that said transfer and assignment was made without consideration and for the purpose of preventing recovery thereof by plaintiff and as a part of a scheme and plan by all said defendants to consummate a fraud upon plaintiff. The amended complaint also sought rescission and cancellation of the agreement of exchange and return of the note and mortgage. To this amended complaint defendant Malcolm Harmon filed an answer admitting that plaintiff's note and mortgage had been sold and assigned to him on the date specified in the amended complaint, alleging that he was the owner and holder of said instruments, and denying that the assignment to him was made without consideration or as part of a scheme or plan to defraud plaintiff. The answer also contained denials, on information and belief, of the various allegations in the amended complaint relative to the agreement between plaintiff and defendants Leonard, for exchange of properties and the fraud alleged to have been perpetrated by said defendants upon plaintiff. The defendant Malcolm Harmon also filed a cross-complaint whereby he sought to foreclose the mortgage given by plaintiff as aforesaid to secure payment of plaintiff's note. To this cross-complaint plaintiff filed an answer. The defendants Leonard were served with process by publication and the record contains no showing of any appearance by them in the action. The case was tried on the issues framed by the cross-complaint of defendant Malcolm Harmon and plaintiff's answer thereto. Upon conclusion of the trial judgment was rendered in favor of said defendant and

cross-complainant ordering foreclosure of the mortgage. From the judgment thus rendered plaintiff appeals.

The single question presented by this appeal is whether the court's finding that the defendant Ida Leonard, before maturity of the note, for a valuable consideration, indorsed the note, and assigned the note and mortgage to respondent is supported by the evidence which was produced at the trial. There is no dispute that the note and mortgage were transferred and that they were assigned and transferred to respondent prior to maturity of the note. The note was executed on December 18, 1928, and was payable three years after date. The mortgage bore the same date. The instruments were assigned and transferred to respondent on January 15, 1929. The record contains no evidence that respondent had notice at the time he took the instruments of any claim by appellant that he had been defrauded by the Leonards. The sole question remaining, therefore, is whether the court was justified in finding that the transfer and assignment of the instruments was made for a valuable consideration. The only evidence regarding this feature of the case consists of the testimony of respondent. His testimony was not entirely consistent and is to some extent contradictory. At one point he testified that Ida Leonard, the payee in the note, who owed him a pre-existing debt for moneys advanced for maintenance of herself and members of her immediate family, assigned the note and mortgage to him with the direction that, if possible, he should sell the note and if it could not be sold he should keep it and retain the interest paid thereon in discharge of her indebtedness to him and when the note was paid he should, from the proceeds, first retain a sufficient amount to satisfy whatever balance of her debt to him might remain unpaid and transmit the remainder to her. If this was the arrangement and understanding upon which the note was transferred and assigned to respondent we should feel impelled to the conclusion that the court's finding that the note was transferred to respondent for a valuable consideration was not sustained by the evidence (*Pacific Acceptance Corp.* v. *Goodman*, 72 Cal. App. 143 [236 Pac. 964]; *Bank of Italy* v. *Welbilt Auto Body Co.*, 101 Cal. App. 526 [281 Pac. 1060]; *Peoples F. & T. Co.* v.

*Matthews F. Co.*, 104 Cal. App. 630 [286 Pac. 710]). However, the respondent also testified that he accepted the note in discharge of a pre-existing indebtedness of the defendants Leonard to him amounting to $1307.15 and that, in addition, he also executed and gave to defendant Ida Leonard or one of her sons, with her consent, his promissory note for $747.85. Section 3106 of the Civil Code provides that an antecedent or pre-existing debt constitutes value. This section is found under title XV of the code and the subject matter there treated is Negotiable Instruments. Article II of said title under which the above-mentioned section occurs is entitled "Consideration". This section, therefore, is specifically applicable to the question here presented. Furthermore, as above noted, there was positive, uncontradicted evidence that, at the time the note was transferred to respondent, the latter executed and delivered either to Ida Leonard, payee of said note, or to her son, at her direction, his own promissory note for an amount which he testified represented the difference between the amount of the pre-existing indebtedness of the defendants Leonard to him and the amount for which appellant's note was drawn. The trial judge was in a position to gauge properly the testimony of respondent and we should be reluctant to declare that he was misled thereby (*Kopperud* v. *Cookson*, 50 Cal. App. 180 [194 Pac. 748]).

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.