[Civ. No. 11149. Second Appellate District, Division Two.—November 24, 1936.]

THE SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), etc., Plaintiff, v. HOLLY-WOOD STATE BANK (a Corporation), Defendant and Respondent; A. I. ELLIS, Intervener and Appellant.

Philip Grey Smith, L. O. Hatch and Philip S. Ehrlich for Appellant.

Leonard Wilson and Joseph M. Argabrite for Respondent.

CRAIL, P. J.—The Seaboard Surety Corporation of America had in its possession a certificate of deposit for $20,000 issued by the Security-First National Bank in favor of intervener Brown, properly indorsed by Brown. Its officers brought the certificate to the Hollywood State Bank. The sum was large, and C. A. Adams, vice-president of the bank, as a careful and prudent banker, for the convenience of identifying signatures, agreed to meet them at the Farmers and Merchants Bank, which is located in metropolitan Los Angeles. This they did. The certificate was indorsed by the Seaboard. Adams thereupon handed it to the Farmers and Merchants Bank which sent it by messenger to the Security-First National Bank. That bank, pursuant to telephonic request, returned its cashier's check for the amount of the certificate, made out to the Farmers and Merchants Bank. That bank then credited the Hollywood State Bank with $20,000 and on the same day the Hollywood State Bank opened an account in favor of the Seaboard and credited the account with $20,000. Later it issued four certificates of deposit to cover the item. Thereafter the Seaboard borrowed and received from the bank the face amount of the certificates of deposit, and executed a collateral note in usual form to the Hollywood Bank, assigning the certificates of deposit to the bank as collateral security for the payment of said notes and other obligations. All of this was done before the Hollywood State Bank had notice of any infirmity in the title of the Seaboard to the original $20,000 certificate. In fact, the bank never at any time had notice of such infirmity until this action was filed and summons served.

The Seaboard commenced this action to recover on the four certificates of deposit issued by the Hollywood State Bank in favor of the Seaboard. Appellant A. I. Ellis, as intervener, thereafter filed his complaint in intervention alleging ownership of said certificates and asking for recovery thereon, on the ground that he was the beneficiary of a surety bond to which the original $20,000 certificate was pledged as collateral by the Browns, who were principals on the bond. After hearing the evidence the trial court entered judgment in favor of the defendant. The appeal is by Ellis and concerns only the rights of Ellis, if any, in the four certificates of deposit.

Appellant contends that "a fundamental point in the case is that the Hollywood State Bank never became the holder in due course of the Security-First National Bank certificate of deposit", and "that the bank extended no credit to Seaboard until after the certificate of deposit was safely collected and the proceeds of which were credited to the Hollywood State Bank by the Farmers and Merchants Bank", and "that under no view of the law could this transaction have constituted the Hollywood State Bank the holder in due course of the [$20,000] certificate", and that "The findings that the Hollywood State Bank became the holder in due course of the $20,000 certificate of deposit are unsupported by any evidence." Appellant cites the case of *Bank of Italy* v. *Welbilt Auto Body Co.*, 101 Cal. App. 526 [281 Pac. 1060], and quotes that case at length. The facts in that case are not similar to the facts in this case and the law of that case is not applicable here. When the Hollywood Bank cashed the $20,000 certificate, or to use appellant's language, "collected" it, the bank no longer was the holder of the certificate either in good faith or bad faith. It was then not a holder of the paper at all. The certificate was no longer in existence, and the law, with regard to the question, who is a holder of paper in good faith and who is not, has no application to the facts in this case as between the intervener Ellis and the Hollywood Bank. Ellis at no time had any interest in the cash or in the four certificates of deposit which were later issued, under the law applicable to commercial paper held or not held in due course.

It is true that the trial court made a finding that the Hollywood Bank was the holder of the certificate in due course, but such finding, whether supported by the evidence or unsupported by the evidence was unnecessary in order to sustain a judgment for the defendant.

Judgment affirmed.

Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1937.