[Civ. No. 16842. First Dist., Div. Two. Aug. 9, 1956.]

MARTIN J. BRAMANTE, Appellant, v. RICHARD A. KRUG, Respondent.

Stephen L. Mana for Appellant.

Leslie C. Gillen for Respondent.

AGEE, J. pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendant Krug. Judgment against defendant Hutchins was entered by default and he is not a party to this appeal.

Between July, 1949, and March, 1950, plaintiff loaned to defendant Hutchins a total sum of $27,000. Defendant Krug had also advanced substantial amounts of money to Hutchins. Around April 1, 1950, Krug made and delivered to Hutchins his check in the sum of $6,500, postdated April 3, 1950. This check was issued and delivered subject to a condition precedent. This condition was never fulfilled and

---

*Assigned by Chairman of Judicial Council.

Krug has a complete defense to the check as against Hutchins or anyone else other than a holder in due course. On April 3, 1950, Hutchins endorsed the check in blank and delivered it to plaintiff, who had no knowledge of the condition precedent or Hutchins' lack of authority to negotiate the check. Plaintiff immediately deposited the check in his bank for collection and payment was refused. The check was thereupon returned to him. He brought suit for the amount of the check against Krug as well as Hutchins on the theory that he was a holder in due course of a negotiable instrument. Judgment was rendered in favor of Krug on the sole ground that plaintiff had not taken the check for value and was therefore not a holder in due course. Plaintiff met all of the other requirements of a holder in due course. (Civ. Code, § 3133.)

The trial court found: ''Bramante [plaintiff] gave nothing to Hutchins for the check and there was no agreement either express or implied that the pre-existing debt [from Hutchins to Bramante] would be reduced by the amount of the check.'' From this the court concluded that plaintiff was not a holder in due course and was therefore subject to the defense which Krug had as against Hutchins.

The sole question is whether there is sufficient evidence to support the finding. Plaintiff is entitled to the presumption that he gave value. (Civ. Code, § 3105.) Also, an antecedent or preexisting debt constitutes value. (Civ. Code, § 3106.)

Since Hutchins' title to the check was in fact defective, because of his fraud in negotiating it, the burden of proof is upon the plaintiff to prove that he took the check for value. (Civ. Code, § 3140; *Pacific Acceptance Corp.* v. *Goodman,* 72 Cal.App. 143, 146 [236 P. 964].) In the case just cited, plaintiff took from its debtor the check of a third person, Goodman, the defendant. As between the debtor and Goodman, Goodman had a good defense because the check was not to be negotiated or cashed until he had received an automobile. The plaintiff, however, contended that it was a holder in due course for value and Goodman's defense, which was ''personal'' rather than ''real,'' did not apply to it. The appellate court, reversing a judgment in favor of plaintiff, held that the taking of the check for a preexisting debt is no payment unless it be agreed to take the check as payment, and in the absence of such agreement the holder is not a holder in due course. The holding

is stated, at page 147: "The rule appears to be established by authority that the taking of a note, either of the debtor or of a third person, for a prior existing debt is no payment, *unless it be expressly agreed to take the note as payment*; and that upon failure to pay such note the creditor may ignore it and sue upon the original debt. (*Merchants Nat. Bank* v. *Bentel*, 166 Cal. 473, 477 [137 P. 25].) So here, by way of direct application of the rule above stated, it must be held that taking from plaintiff's debtor a check of a third person to plaintiff's debtor does not operate as payment of the debt to plaintiff *unless plaintiff agreed to take the check as payment*. Manifestly, this was not done in the present case. The original debt of the Pacific Motors Corporation to plaintiff remained unaffected by the transfer of the check, and was thus to remain until actual payment of the check. Under such circumstances the indorsee of the check has not become a purchaser for value. . . . The consideration for the transfer of the check by the payee to plaintiff was purely conditional. It amounted to nothing more than an agreement at a future date to credit the amount [sic] of the payee with the payment of three thousand dollars, said date being concurrent with and dependent upon the collection of the Goodman check." (Emphasis added.)

In *Bank of Italy* v. *Welbilt Auto Body Co.*, 101 Cal.App. 526 [281 P. 1060], one Bergman endorsed defendant's trade acceptance to plaintiff to apply on an antecedent debt owed by him to plaintiff. Defendant had a good defense to the trade acceptance as against Bergman but the plaintiff (bank) claimed to be a holder in due course for value. The appellate court reversed a judgment for plaintiff, stating at pages 528 and 529: "The only legal question, therefore, . . . is whether in the circumstances presented herein it may be declared that the Bank of Italy gave value for the trade acceptance in question. . . . It would therefore appear that ordinarily, as between the debtor and the creditor, a new obligation will be sufficiently supported by an antecedent debt. . . . However, at least *when the rights of third persons are injected into the controversy, a different situation is presented.* In the latter contingency it must appear that the new obligation was unconditionally accepted in lieu and in payment, in whole or in part, of the old one, so that whatever befall the new obligation the creditor may not, at his pleasure, disregard it and thereafter reinstate the old debt. The principle is positively asserted and illustrated

in the case of *Pacific Acceptance Corp.* v. *Goodman,* 72 Cal.App. 143 [236 P. 964] ; and, to the same effect, see *Merchants' Nat. Bank* v. *Bentel,* 166 Cal. 473 [137 P. 25], and authorities therein cited. In the instant case the evidence is to the effect that, at the time the trade acceptance passed to the plaintiff bank, Bergman received nothing; his former account with the bank was not credited in any amount, nor was it ever to be credited until the trade acceptance matured and was paid. So far as the bank was concerned it gave no new consideration for the trade acceptance; its position remained unchanged; . . .'' Cases holding to the same effect are : *Peoples Finance & Thrift Co.* v. *Matthews F. Co.,* 104 Cal.App. 630 [286 P. 710] ; *Howland* v. *Leonard,* 128 Cal. App. 222 [16 P.2d 1031] ; *Oppenheimer* v. *Radke & Co.,* 20 Cal.App. 518 [129 P. 798].

In the instant case, the only testimony as to the circumstances under which Hutchins delivered Krug's check to plaintiff is that given by plaintiff himself. Hutchins did not testify. Plaintiff's version is as follows: "I remember that he [Hutchins] promised to give me $10,000, and I chased him for about a week and went down to try to catch him, and finally one day he was supposed to give me $10,000 because I was supposed to pay the bank the money, and the next day he met me and said, finally, 'All I can give you is a $6,500 check,' so I took the check and went down and put it in the bank." There was no testimony that plaintiff ever credited the amount of the check to Hutchins' indebtedness, or that he, plaintiff, parted with anything of value, or in any way changed his position. There is no testimony from which it can even be implied that plaintiff accepted Krug's check as extinguishment "pro tanto" of Hutchins' debt. Another indication that plaintiff did not take Krug's check as partial payment is that plaintiff obtained from Hutchins a check for the full amount of the latter's indebtedness. He testified that he could not remember whether he got this check before or after he received the Krug check. The trial judge ordered plaintiff to produce this check but he said he could not find it. If it was given to him *before* the Krug check, it would indicate that plaintiff had not accepted the Krug check in reduction of the amount of Hutchins' indebtedness. Otherwise, some notation or record would have been made of such reduction, because plaintiff would then be holding two checks, one for $27,000 and one for $6,500, which would be in excess of Hutchins' indebted-

ness. If, on the other hand, Hutchins gave his check, in the amount of $27,000, to plaintiff *after* the Krug check, it would indicate that plaintiff had not agreed to accept the Krug check as payment "pro tanto." Otherwise, plaintiff would have done one of two things. Either he would have retained the Krug check for $6,500, on which Hutchins was liable as an endorser, and taken a check from Hutchins for the difference, $20,500, or he would have taken the $27,000 check, as he did, *but* returned the Krug check to Hutchins.

It has been pointed out above that plaintiff had the burden of proving that he was a holder in due course and that this meant, under the authorities cited above, proof of an agreement that the Krug check was to constitute payment "pro tanto" of Hutchins' indebtedness to plaintiff.

Under all of the circumstances, it cannot be said that plaintiff sustained this burden of proof or that there is not sufficient evidence to support the trial court's finding that plaintiff did not part with anything of value in return for the Krug check.

The judgment is affirmed.

Nourse, P. J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 4, 1956.