[Civ. No. 17702.   First Dist., Div. One.   July 25, 1958.]

AUDREY N. ROTH, Respondent, v. GUARDIAN THRIFT AND LOAN (a Corporation) et al., Appellants.

Bacigalupi, Elkus & Salinger for Appellants.

Lange & Rockwell, C. Dan Lange and Clyde R. Rockwell for Respondent.

WOOD (Fred B.), J.—From Leonard's, Inc., plaintiff received, duly endorsed, a check for $4,000, drawn by Guardian Thrift and Loan, a corporation, in favor of Leonard's, Inc., as payee.\* Upon presentation to the drawee bank it was discovered that payment had been stopped. Plaintiff then brought this action for $4,000, costs of suit and general relief against Guardian Thrift and Loan, Leonard's, Inc., Robert C. Leonard, president of Leonard's, Inc., and Leon Lyon, who had personally guaranteed Leonard's, Inc.'s endorsement.

After the filing of an answer by Leon Lyon and Guardian Thrift and Loan plaintiff moved for and was granted a summary judgment against them. The question upon this appeal is whether or not there is any triable issue of fact. Our examination of the record convinces us that there is, and that the judgment should be reversed.

The answer alleges that Leonard's obtained the check on the basis of forged documents, a defense which would be good against plaintiff unless she is a holder in due course, and presents the issue whether or not she took the check under such circumstances as would make her a holder in due course. (See Civ. Code, § 3133.) This issue turns upon the question whether or not plaintiff upon receiving this check *expressly agreed to accept it in payment* of a debt then owed her by the payee-endorser.

---

\*Plaintiff had purchased an automobile from Leonard's, Inc. (paying $4,750 for it), and had returned it to Leonard's for correction of a defect discovered in it.

Some time elapsed without redelivery of the car and she was demanding its return or refund of the purchase price money, whereupon Leonard's Inc., endorsed and delivered the Guardian Company's $4,000 check and paid her $750 in cash.

322

■ The applicable rule of law we find well expressed in *Bramante* v. *Krug,* 143 Cal.App.2d 771 (hearing by Supreme Court denied), at 773 [300 P.2d 71] :

" 'The rule appears to be established by authority that the taking of a note, either of the debtor or of a third person, for a prior existing debt is no payment, *unless it be expressly agreed to take the note as payment*; and that upon failure to pay such note the creditor may ignore it and sue upon the original debt. (*Merchants Nat. Bank* v. *Bentel,* 166 Cal. 473 477 [137 P. 25].) So here, by way of direct application of the rule above stated, it must be held that taking from plaintiff's debtor a check of a third person to plaintiff's debtor does not operate as payment of the debt to plaintiff *unless plaintiff agreed to take the check as payment.* Manifestly, this was not done in the present case. The original debt of the Pacific Motors Corporation to plaintiff remained unaffected by the transfer of the check, and was thus to remain until actual payment of the check. Under such circumstances the indorsee of the check has not become a purchaser for value. . . . The consideration for the transfer of the check by the payee to plaintiff was purely conditional. It amounted to nothing more than an agreement at a future date to credit the amount [sic] of the payee with the payment of three thousand dollars, said date being concurrent with and dependent upon the collection of the Goodman check.' [*Pacific Acceptance Corp.* v. *Goodman,* 72 Cal.App. 143, 147 (236 P. 964).] (Emphasis added.)'' (See also *Bank of Italy* v. *Welbilt Auto Body Co.,* 101 Cal.App. 526 [281 P. 1060], and similar cases cited on page 774 of 143 Cal.App.2d.)

■ Whether the title of Leonard's, Inc., to the check was defective is in issue. If and when this is established plaintiff has the burden of proving that she took the check for value. (Civ. Code, § 3140; *Pacific Acceptance Corp.* v. *Goodman,* 72 Cal.App. 143, 146 [236 P. 964]; *Bramante* v. *Krug, supra,* 143 Cal.App.2d 771, 772.) This, of course, means that plaintiff has the burden of proving that she took the check upon an express agreement that it constituted payment of Leonard's antecedent debt to her, a principle long ago expressed in *Welch* v. *Allington,* 23 Cal. 322, when the court said " [t]he law will not presume such an agreement, and it must be proved by the party relying upon it.'' (P. 323.)

Here, there is no evidence that plaintiff accepted the check as payment of the debt owing to her by Leonard's, Inc.; i.e., unless the following statement in plaintiff's affidavit is proof

thereof: ". . . said Robert C. Leonard gave your affiant the Guardian Thrift and Loan Company check, . . . endorsing the same with the words 'Leonard, Inc., by Robert C. Leonard' and delivered said check to your affiant as a partial refund of said purchase price. That the balance of the money owed to your affiant pursuant to said demand for repayment being the sum of $750.00 was paid to your affiant in cash on or about the 20th day of April, 1955."

It might be possible to infer an express agreement by plaintiff from this statement that Leonard's, Inc., delivered the check to plaintiff "as a partial refund" of moneys owing from Leonard's to plaintiff. However, plaintiff's saying that Leonard's thus delivered the check is not quite the same as if she had also said that she expressly agreed to and did receive and accept the check in payment (to the extent of the amount of the check) of the debt which Leonard's then owed plaintiff.

This element of doubt deepens when we consider an affidavit by defendant's counsel setting forth testimony given by plaintiff upon deposition, narrating what was said and done upon the occasion of the delivery of this check to her by Leonard's. She testified that Mr. Leonard "gave me that check for $4,000 and endorsed it over to me." He had the check at the time and endorsed it over to her. A Mr. Hoyt who was present asked Leonard "if he had a check to pay for the automobile and he said yes. . . . To pay for the Cadillac that I was supposed to pick up." These and other words of similar import do not speak clearly of an express agreement to accept the check in payment and discharge of Leonard's debt to plaintiff.

In addition, affidavits produced by defendant token subsequent conduct of plaintiff tending to indicate that she accepted the check conditionally and not in payment of Leonard's debt to her: (a) She said to the assignee for the benefit of Robert Leonard's creditors that she had a $4,000 claim against Leonard, describing the transaction out of which the transfer of the check grew; and (b) she brought suit against an insurance company, predicated upon loss of the automobile by theft. Plaintiff argues that such putatively inconsistent acts and utterances of the plaintiff can be explained and should not be viewed as truly inconsistent with what really happened, at the time it happened, as narrated in plaintiff's affidavit. Such an argument, particularly in the light of the uncertain and inconclusive nature of the statements made by plaintiff in her affidavit and upon deposition, serves to

emphasize the "triable" character of the basic issue presented by the defendant by its pleadings and by its affidavits.
■ "In a proceeding under section 437c, Code of Civil Procedure, issue finding rather than issue determination is the pivot upon which the summary judgment law turns. (*Poochigian* v. *Layne,* 120 Cal.App.2d 757, 760 [261 P.2d 738]; see also *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555-556 [122 P.2d 264].) ■ Whether an issue of fact exists is to be determined from the affidavits which have been filed. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464]; *Low* v. *Woodward Oil Co., Ltd.,* 133 Cal.App.2d 116, 118, 121 [283 P.2d 720]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242].) ■ *If any doubt exists whether summary judgment .should be granted, it should be resolved against the moving party.* (*Travelers Indemnity Co.* v. *McIntosh,* 112 Cal.App.2d 177 [245 P.2d 1065].)" (*Whaley* v. *Fowler,* 152 Cal.App.2d 379, 381 [313 P.2d 97], emphasis added.)

Let it be understood that we have discussed the pleadings and the facts only as they appear in the record before us and solely from the standpoint of their bearing upon a summary judgment proceeding. Nothing said herein is intended to limit either party in the framing of issues or the presentation of evidence upon the trial of the case if a trial be had.

The judgment is reversed and the cause remanded for trial.

Peters, P. J., and Bray, J., concurred.