## FEENY v. DALY.

Where an insolvent, after his discharge, expressly promises his creditor to pay his debt, it can be enforced, the debt being a sufficient consideration to support the subsequent promise.

A verbal promise is sufficient, as our statute has not changed the common law rule.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

Feeny sued Daly, in the Court below, on a debt created on the seventeenth of October, 1854, and alleged that the defendant, on the eighth day of May, 1855, was discharged from the operation of this particular debt, under the Insolvent Law; but that afterwards, to wit, upon the ——— day of June, 1855, the defendant, in consideration of the original indebtedness, promised and agreed to pay plaintiff the amount of his debt. The case was tried before the Court below, sitting as a jury, who found, as facts, "the existence of the indebtedness," as alleged by plaintiff; the discharge of the defendant therefrom, under the Insolvent Law, and his subsequent "*express verbal promise to pay the debt,*" on which finding, judgment was rendered for plaintiff, from which this appeal was had.

*McKune, Johnson & Ankeny,* for Appellant.

Our Insolvent Law, (Comp. Laws, 317, § 24,) provides that "the debtor shall be released and fully discharged from any and all debts then contracted, etc., and from every judicial proceeding relative to the same."

The words "release" and "discharge," are words of broad and well-defined meaning, analogous to, and co-extensive with, payment. Thus, a debt may be discharged by payment, by lapse of of time, or by proceedings in insolvency; and, within the meaning and purview of our Statute of Limitations and Insolvent Act, the debtor, after such discharge, is as free from the debt and all subsequent liability thereon, as if he had actually paid the same; and nothing less than an express agreement in writing, signed by the party to be charged, ought to be held sufficient to revive the debt again.

*Sanderson & Hewes* for Respondent.

Admitting that the defendant was released from the debt by his discharge in insolvency, was the subsequent promise founded upon a sufficient consideration?

The thirtieth section of the Insolvent Act, Comp. Laws, 320, taken in connection with the construction placed upon it by this Court, in Woods v. Barrett, July Term, 1855, we think fully answers the first question in favor of the respondent.

"The debt of an insolvent or bankrupt is due in conscience, notwithstanding his discharge. He may, therefore revive the old debt by a new promise, and the old debt will be a sufficient consideration." Scouton v. Eislord, 7 Johns., 36.

In support of the doctrine of that case, we refer to Erwin v. Sanders, 1 Cow., 229; Huppy v. Henderson, 14 Johns., 178; Maxim v. Morse, 8 Mass., 127; Turner v. Chrisman, 20 Ohio, 332; Womach v. Womach, 8 Texas, 397; Otis v. Gaylin, 31 Maine, (1 Red.) 567; Stark v. Stinson, 3 Fos. N. H., 259; Comfort v. Eisenbeis, 11 Penn., (1 Jones,) 17. The above cases are all directly in point.

Chancellor Kent, (2 Kent's Com., 465, and note,) discusses the principle for which we here contend, and seems to recognize it as now established beyond controversy, viz., that a moral obligation is sufficient to support an express promise, where a good and valuable consideration has once existed.

The English authorities to the same point are summed up in a note to 3 Bos. & Pull., 249, which is referred to, and approvingly cited, by Spencer J., in 13 Johns., 258.

The promise need not be in writing, because no statute requires that it should be, etc.

TERRY, J., delivered the opinion of the Court—BURNETT, J., concurring.

The debt of an insolvent bankrupt is due in conscience, notwithstanding his discharge, and is a sufficient consideration to support a subsequent express promise to pay.

A verbal promise is sufficient at common law, and there is nothing in our statutes which changes the rule.

Judgment affirmed.