[No. 15118. Department Two.—June 13, 1894.]

# E. J. FRASER, RESPONDENT, v. SAN FRANCISCO BRIDGE COMPANY, APPELLANT.

MASTER AND SERVANT—CONTRACT TO PAY FOR MEDICAL SERVICES—CONSIDERATION.—Although a master may not be responsible for injury received by his servant while in his employ, yet where he has been a faithful servant, and was injured while performing his duties as such, and has no means to procure needed attention and care, there is a sufficient moral obligation resting on the master to furnish to him such assistance and care to constitute a consideration for a legal obligation to pay all reasonable charges of the attending physician for medical services.

ID.—RATIFICATION OF AUTHORITY OF PRESIDENT OF CORPORATION—ESTOPPEL.—Where a president of a corporation has contracted in the name of the corporation to pay to attending physicians a reasonable compensation for medical services to an employee injured while in its employment, a payment made by the corporation to one of the physicians for his services, and its offer to pay a reasonable sum to the other physician for his services, recognized, approved, and confirmed the authority of the president to make the contract, and the corporation cannot, after the services have been rendered in reliance on the contract, be permitted to repudiate it and deny liability thereunder.

ID.—CONTRACT RESERVING RIGHT TO DETERMINE REASONABLENESS OF CHARGE.—Where the agreement made on behalf of the corporation to pay all reasonable charges of the physicians contains the words: " We reserve to ourselves the right to determine what is reasonable," such reservation is one which the company, under the circumstances shown, had a right to make, and the physician is entitled to recover only the amount offered him by the corporation, and a jury cannot award him any greater amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. Percy Wright*, for Appellant.

The officers of the corporation had no authority to bind the corporation to pay for medical or surgical services rendered to the employee who was injured, as it would be an application of the funds of the company to purposes wholly foreign to its business, which the directors had no authority to do. (Morawetz on Cor-

porations, 2d ed., sec. 423; *Hall* v. *Auburn Turnpike Co.*, 27 Cal. 257; 87 Am. Dec. 75; *Pickering* v. *Stephenson*, L. R. 14 Eq. 339; *Ex parte Mellish*, 8 L. T., N. S., 47; *Attorney General* v. *Mayor of Batley*, 26 L. T., N. S., 392.) The proviso in the letter of May 29, 1890, that the right to say what was a reasonable fee to the respondent was reserved by appellant, is not affected by any thing else contained in the letter, and gave the appellant the right to fix the fee. (*Koehler* v. *Buhl*, 94 Mich. 496.)

*Joseph M. Nougues*, for Respondent.

The corporation defendant is liable for the services rendered, as the contract was made by a duly authorized agent of the company, and no proof was offered that he had not the authority to execute the contract in the name of the company; and the company did not repudiate the contract. (*Trenor* v. *Central Pacific R. R. Co.*, 50 Cal. 222–30; Beach on Private Corporations, sec. 210; *Crowley* v. *Genesee Min. Co.*, 55 Cal. 273, 275–76; *Walker* v. *Great Western R. R. Co.*, L. R., 2 Ex. 228–29; *Marquette etc. R. R. Co.* v. *Taft*, 28 Mich. 289, 297–99; *Terre Haute etc. R. R. Co.* v. *Stockwell*, 118 Ind. 98; *Terre Haute etc. R. R. Co.* v. *McMurray*, 98 Ind. 358; 49 Am. Rep. 752; *Toledo etc. Ry. Co.* v. *Rodrigues*, 47 Ill. 188; 95 Am. Dec. 484; *Toledo etc. Ry. Co.* v. *Prince*, 50 Ill. 26; *Indianapolis R. R. Co.* v. *Morris*, 67 Ill. 295; *Cairo etc. R. R. Co.* v. *Mahoney*, 82 Ill. 73; 25 Am. Rep. 299; Beach on Contributory Negligence, 221, 222.)

The COURT.—The plaintiff brought this action to recover the sum of one thousand dollars alleged to be due him for medical services rendered to one John Howden at the request of the defendant. The answer denied that the services were rendered at the request of defendant, or that defendant was in any way liable therefor. The plaintiff recovered a judgment for the sum of six hundred and sixteen dollars, from which, and from an order refusing a new trial, the defendant appeals.

It appears from the record that on the 19th of May, 1890, the defendant was engaged in the erection of a bridge in Sonoma county, and John Howden was the foreman in charge of the work. On that day Howden fell from the bridge, and received serious injuries, which caused his death on the 23d of July following. It is not claimed, however, that the fall resulted from any carelessness or fault on the part of the defendant or its other employees.

On the next day after the injuries were received Howden was taken to his home in San Francisco, and thereupon, at the request of his wife, the plaintiff, Dr. Fraser, who had been his family physician for several years, visited him and took charge of the case. Thereafter the plaintiff visited him twice every day till he died, remaining about an hour and a quarter on each visit. On May 27th Dr. Wooster was called in consultation, and it was determined that some of the spinal processes had been fractured, and that a surgical operation was necessary to remove a piece of broken bone which was pressing on the spinal cord. Before performing the operation the plaintiff telephoned to the office of the defendant asking if Mr. McMullen, the president of the company, could meet Dr. Wooster and himself at Mr. Howden's house at five o'clock in the afternoon of that day. Mr. McMullen responded that he didn't know whether he would be able to meet them or not, but if he couldn't he would send a representative of the company. At the time named, Mr. H. S. Wood, an engineer in the employ of the company, met the doctors at Howden's house, saying that he came to represent the company. Dr. Wooster then stated to Mr. Wood that considerable attention would be required in Howden's case, and that he did not feel like going on with the case without some written obligation from the company. Thereupon Mr. Wood wrote and signed the following agreement and delivered it to Dr. Wooster and the plaintiff:

"May 27, 1890.

"The San Francisco Bridge Company, a corporation under the laws of the state of California, hereby agree to pay all reasonable charges of Dr. David Wooster and Dr. E. J. Fraser in the case of John Howden, injured May, 1890.     SAN FRANCISCO BRIDGE COMPANY,
"Per H. S. Wood, Engineer."

Some time the next day Wood informed McMullen what he had done, and thereupon the latter wrote and forwarded to each of the said doctors a letter reading as follows:

"SAN FRANCISCO, CAL., May 29, 1890.
"*Dr. E. J. Fraser, 112 Kearny street, city,*

"DEAR SIR: I wish to have our position in connection with paying for the medical services of Mr. John Howden correctly understood.  Our position in the premises is this:  We are under no obligation whatever to pay for said services; but out of regard for Mr. Howden, and in order that he may have proper medical attendance, we, of our own will, are willing to pay a reasonable compensation for said services; but we reserve to ourselves the right to determine what is reasonable. We are willing to pay what would be a reasonable charge against a man in Mr. Howden's circumstances; but because we are a corporation we are not willing to pay any fancy charges, as, on former occasions, we have been obliged to do, by reason of not having a definite understanding.  We understand that our Mr. Wood agreed to pay all reasonable charges of yourself and Dr. Wooster in the premises.  Mr. Wood has no authority, and cannot obligate the company in any way; but we are willing to guarantee the payment of a moderate fee. such as a man in Mr. Howden's circumstances financially could be expected to pay for such service.  If a fee of this character is all that you anticipate, there will be no trouble.

"Yours truly,
"SAN FRANCISCO BRIDGE COMPANY,
"By J. McMullen, President."

Dr. Wooster presented to the defendant a bill for his services, and, on a compromise, was allowed and paid two hundred dollars therefor. The plaintiff presented his bill, and was offered by defendant in payment thereof two hundred and fifty dollars; but he refused to accept that sum, and thereupon commenced this action.

At the trial the plaintiff detailed very particularly the services performed by him, and stated: "After the operation there was a good deal of attendance necessary. As there was no nurse provided, I had to do the double duty of nurse and physician." The plaintiff also proved by several physicians, whom he called as witnesses, that in view of the services detailed as having been performed by him, ten dollars for each visit was a reasonable charge.

The court instructed the jury that the paper signed by Mr. Wood did not bind the defendant, because it appeared that he had no authority to make such an agreement on its behalf, and it should, therefore, be disregarded. The court further instructed the jury, in effect, that the letter written by McMullen constituted a binding obligation, on the part of the defendant, to pay the reasonable charges of the doctors, and it said: "The only question, then, which I submit to you is, what, under the circumstances, is a reasonable fee? And you are to determine that under all the evidence before you. Now, what is reasonable, gentlemen, is to be your guide. . . . . What would be a reasonable compensation for services rendered to such a man as Mr. Howden, in Mr. Howden's circumstances financially?"

1. In support of the appeal, it is contended that McMullen, as president of the bridge company, had no authority or right to make any contract, on behalf of the company, to pay for medical services rendered Mr. Howden, and hence that his letter of May 29th imposed no legal obligation on the company to pay any charges

for such services, whether reasonable or unreasonable in amount.

It is true that the defendant was in no way responsible for the injuries received by Howden, and it might, therefore, have refused to assist or care for him in any way. But he had been a faithful servant of defendant, and was injured while performing his duties as such. He was also a poor man, and needed attention and care, which he had no means to procure. Under such circumstances, there would seem to have been some moral obligation resting on the defendant to furnish to him such assistance and care as were necessary to relieve his sufferings, and, if possible, to save his life. This obligation is shown to have been recognized from the start, and should be held to constitute a sufficient consideration for the legal obligation expressed in the letter referred to. And when the defendant paid Dr. Wooster two hundred dollars for his services, and offered to pay the plaintiff two hundred and fifty dollars for his services, it recognized, approved, and confirmed the authority of its president to write the letter and make the contract therein expressed. The defendant ought not now, therefore, after the services have been rendered in reliance on the letter, to be permitted to repudiate it, and deny all liability thereunder.

2. The only other question which need be considered is, to what extent did the letter obligate the defendant to pay for the services rendered by the plaintiff? The agreement signed by Wood was "to pay all reasonable charges" of the doctors; but the letter expressly repudiated that agreement, and in effect said that the company would not be bound to pay such charges as might be thought or proved by others to be reasonable; but only such as it might deem reasonable. The words are: "We reserve to ourselves the right to determine what is reasonable." This was a reservation which the company, under the circumstances shown, had a right to make, and we see nothing in the other parts of the letter, when it is read as a whole, to modify or change

its effect.   This being so, the plaintiff was entitled to recover only the amount offered him by the defendant, and not the sum awarded him by the jury.

The judgment and order must, therefore, be reversed, and the cause remanded, and it is so ordered.