[L. A. No. 3210. In Bank.—September 29, 1914.]

ELTINGE T. BROWN, Appellant, v. NATIONAL ELECTRIC WORKS (a Corporation), Respondent.

SALE OF STOCK IN CORPORATION—CONSIDERATION—AGREEMENT TO EMPLOY PURCHASER IN BUSINESS—IMPLIED REASONABLE TIME OF EMPLOYMENT—DISCHARGE OF EMPLOYEE.—An agreement by a corporation whereby, in consideration of the purchase of certain of its shares of stock at a fixed price, it promises to employ the purchaser in its business at a stated salary, without specifying the duration of such employment, implies a continuance of the employment for a reasonable time, and the contract is broken if the employee is sooner discharged without good cause.

ID.—PARTIAL FAILURE OF CONSIDERATION—RESCISSION—RECOVERY OF PURCHASE PRICE.—The unwarranted breach by the seller of its agreement to so employ the purchaser for a reasonable time, entitled the latter, under subdivision 2 of section 1689 of the Civil Code, to rescind the contract for a partial failure of the consideration thereof in a substantial part and to recover the purchase price paid for the stock. He was not limited to an action for damages for breach of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Flint, Gray & Barker, and Rupert B. Turnbull, for Appellant.

George W. Dryer, and W. T. McNeely, for Respondent.

SHAW, J.—This is an appeal on the judgment-roll by the plaintiff, from a judgment in favor of the defendant.

The action was to recover the sum of five thousand dollars paid by plaintiff to the defendant in consideration of certain shares of its capital stock and of the agreement by the defendant to employ the plaintiff.   The plaintiff claims that the contract was broken and that because of the breach he rescinded the same.   The decision of the case depends upon the facts stated in the findings.

In January, 1911, plaintiff and defendant made an agreement whereby the defendant agreed to sell to plaintiff five thousand shares of its capital stock and to employ the plaintiff in its business at a salary of one hundred and twenty-five dollars per month, in consideration whereof the plaintiff agreed to purchase the said stock and to enter upon said employment and to pay the defendant the sum of five thousand dollars, the same being the par value of the stock.   In pursuance of this agreement the plaintiff purchased the stock, paid the five thousand dollars therefor, and entered upon the employment of the defendant at the salary of one hundred and twenty-five dollars a month.   He was retained in the service of the defendant for a little over three months and was then discharged without cause.   Thereupon the plaintiff gave notice to the defendant that he rescinded the agreement and returned the certificate of stock, at the same time demanding repayment of the said sum of five thousand dollars, but the defendant refused to pay the same and refused to consider the contract rescinded.   No fraud is alleged in the making of this agreement or in the breach thereof and there is no finding of fraud.

Upon these facts the trial court concluded that the plaintiff was not entitled to rescind the contract and that his only rem-

edy was an action for damages for breach of the contract of employment.    Upon this theory judgment was given for the defendant.

Although the contract did not fix any period of time during which the defendant was to keep the plaintiff in its service, it is well established that under such circumstances there is an implied agreement to continue the employment for a reasonable time and that the contract is broken if the employee is discharged without good cause.    (*Pierce* v. *Tennessee etc. Co.,* 173 U. S. 1, [43 L. Ed. 591, 19 Sup. Ct. Rep. 335] ; *Harrington* v. *Kansas City etc. Co.,* 60 Mo. App. 223 ; *Davidson* v. *Laughlin,* 138 Cal. 320, [5 L. R. A. (N. S.) 579, 71 Pac. 345] ; *Brown* v. *Crown etc. Co.,* 150 Cal. 385, [89 Pac. 86].)    The agreement to employ the defendant was a material part of the consideration for which he paid the five thousand dollars. When this part of the agreement was broken the plaintiff became entitled to rescind the contract and demand a return of the money paid.    Section 1689 of the Civil Code provides that a party to a contract may rescind the same:

"2. If through the fault of the party as to whom he rescinds the consideration for his obligation fails, in whole or in part.

"3. If such consideration becomes entirely void from any cause.

"4. If such consideration, before it is rendered to him, fails in a material respect, from any cause."

The discharge of the plaintiff, without cause, by the defendant, before the reasonable time had elapsed which the contract contemplated, and in the absence of any circumstances showing good reason for the discontinuance of the employment, was a breach of the contract and it amounted to a failure of the consideration thereof in a substantial part.    This brings the case within the provisions of subdivision 2 above quoted. Plaintiff has a clear right to rescind, he availed himself of that right by giving the required notice and returning the consideration, and thereupon he became entitled to recover the money he paid upon the contract.    The court erred in holding that the plaintiff's sole remedy was an action for damages.

The judgment is reversed.

Lorigan, J., Melvin, J., Henshaw, J., and Sloss, J., concurred.