No. 20,592.

WALTER HENNIG, *Appellee,* v. THE WICHITA NATURAL GAS COMPANY et al., *Appellants.*

SYLLABUS BY THE COURT.

1. PLEADINGS—*Allegations Stricken from Petition—No Error.* A judgment will not be reversed because allegations are ·stricken out of a petition, where the evidence to prove those allegations was properly introduced under the remaining allegations.

2. TRIAL—*Placing Burden of Proof.* Ordinarily a judgment will not be reversed because of error in placing the burden of proof in a trial by the court without a jury, where each party has ample opportunity to introduce evidence to support his contentions.

3. GAS LEASE—*Provision for Cancellation—Bona Fide Sale of Land.* An oil and gas lease provided:

"It is agreed that should said Beck make a *bona fide* sale of said 160 acres before lessee commences operations to drill on said land and refunds to lessee all money paid Beck, then lessee is to cancel this lease."

An absolute sale of the property was made. One of the purposes of the sale was to defeat the rights of the lessee. *Held,* that the lessee was ·deprived of its right to drill on the premises, since the sale was made before the lessee commenced operations to drill.

4. SAME—*No Drilling Operations Commenced—Lease Canceled.* The driving of a stake locating a gas well and of another stake locating a place to set a boiler to drive drilling machinery does not constitute a commencement of operations to drill, under the provisions of the lease set out in the third section of this syllabus.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 7, 1917, Affirmed.

*A. C. Malloy,* of Hutchinson, *John H. Brennan, Hayes McCoy,* and *Otto C. Massey,* all of Bartlesville, Okla., for the appellants.

*J. P. O'Meara,* of Tulsa, Okla., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment enjoining them from operating under an oil and gas lease on land near Augusta, in Butler county.

1. In his petition the plaintiff alleged that he was the owner and in the possession of certain described land, upon which the defendants, without right, were threatening and about to enter with drilling tools and drillers for the purpose of drilling for oil and gas, and of permanently appropriating the same to their own use.

In their answer the defendants denied each and all the allegations of the petition, denied that the plaintiff was the owner or in possession of the land described, and set up a lengthy affirmative defense, a large part of which was stricken out on the motion of the plaintiff. Of this the defendants complain. All the facts set out in that part of the answer which was stricken out might have been proved under the remaining allegations, and evidence was introduced tending to prove these facts. For these reasons this complaint of the defendant is without substantial merit. No reversible error was committed in striking out part of the answer.

2. At the opening of the trial some discussion of the burden of proof was had by court and counsel. This discussion resulted in the court's directing the defendants to go ahead with their proof, and placing the burden of proof on them. The defendants insist that this was error. The trial was by the court without a jury. There is nothing in the abstract tending to show that the defendants were prevented from introducing any competent evidence tending to support their contentions. The defendants had ample opportunity to introduce all their evidence. The order in which that evidence was produced was not of very great importance. In *Bank v. Brecheisen*, 98 Kan. 193, 157 Pac. 259, this court said:

"It is a modern tendency of courts to attach less importance to the phrase 'burden of proof' than was formerly the case, in so far as it is supposed to relate to or affect the order in which the parties shall offer their evidence upon a given issue. Much is left to the discretion of the trial court, and this is especially true where the trial is by the court. Where both parties have availed themselves of the opportunity to present all their evidence, the mere fact that the trial court required the

one upon whom the burden of proof would not, according to the rules of evidence, rest, to proceed first has been held not to be error." (p. 196.) (See, also, cases there cited.)

3. A temporary injunction was granted at the commencement of this action. On the trial the defendants asked that the injunction be dissolved. This request was denied. The defendants insist that the court erred in denying the request and in rendering judgment against them. Continuously from some time prior to the 4th day of October, 1912, to the 8th day of April, 1915, J. L. Beck was the owner and in possession of the real property in controversy. On the 4th day of October, 1912, he executed an oil and gas lease on this property to the defendant Wichita Natural Gas Company. The lease contained the following stipulation:

"It is agreed that should said Beck make a *bona fide* sale of said 160 acres before lessee commences operations to drill on said land and refunds to lessee all money paid Beck, then lessee is to cancel this lease."

The lease was recorded on the 9th day of October, 1912. Difficulty arose between J. L. Beck and the Wichita Natural Gas Company. This resulted in litigation by which Beck sought to have the lease canceled. Judgment was rendered against him. The time for an appeal from that judgment had not yet expired when the present action was commenced. Soon after the rendition of that judgment, and some time prior to the commencement of the present action, Beck began to make efforts to sell the land, and continued those efforts until the land was sold to the plaintiff. One of the purposes of these efforts was to defeat the Wichita Natural Gas Company's lease. About the 15th day of March, 1915, Beck orally agreed to sell the land for $8000, and on the 8th day of April, 1915, sold it to the plaintiff and executed to him a deed therefor. The negotiations that resulted in the execution of the deed were had hurriedly. The sale was an absolute sale of the property without conditions, except that the plaintiff gave to Beck a mortgage for $2500 as a part of the purchase price.

The plaintiff was engaged in the oil and gas business and had obtained a franchise from the city of Wichita to furnish gas to that city, in competition with the Wichita Natural Gas Company. On April 3, 1915, that company determined to

17—100 KAN.

commence drilling operations on the land in controversy, and, communicated this fact to its agents and employees. As a result of this determination and of these communications, the defendant Frankenberger, one of the employees of the Wichita Natural Gas Company, went on the land on the 6th day of April, 1915, and located a place for drilling a well. This he did by driving a stake in the ground at the place where the well should be drilled, and by driving another stake at the place where the boiler should be set to drive the drilling machinery. On that day Frankenberger told J. L. Beck that he had located a well on the land. Beck then told Frankenberger not to go on the land, not to drill, and not to do anything under the lease, as he intended to appeal the former case to the supreme court. Nothing further was done under the lease. On the 11th day of April, 1915, this action was commenced. On the next day the order of injunction was issued.

Under the condition named in the lease, the right of the Wichita Natural Gas Company to drill for gas or oil terminated when Beck made a *bona fide* sale of the land, if that sale was made before the company commenced operations to drill. The sale to the plaintiff was a genuine, absolute sale of the property. One of its purposes was to defeat the rights of the Wichita Natural Gas Company under the lease. The lease provided that these rights might be terminated by a *bona fide* sale. Beck acted within the terms of the lease and made a *bona fide* sale of the land to the plaintiff.

4. Another question must be determined: Had the Wichita Natural Gas Company commenced operations to drill on the land at the time the sale was made? The driving of stakes to indicate the location of a well and of a boiler to run a drilling rig can not be said to be a commencement of operations to drill, within the meaning of the lease, especially of such operations as will defeat a sale made before the defendant has put drilling material or machinery on the ground.

Under the circumstances disclosed by the evidence the judgment of the district court was right, and the judgment is affirmed.