[S. F. No. 14365. In Bank.—October 10, 1932.]

ANNIE T. JOHNSTON, Respondent, v. ALEXIS W. COURTIAL et al., Defendants; A. M. GILSTRAP, Appellant.

M. H. Peterson and Francis P. Harrington for Appellant.

Donahue, Hynes & Hamlin for Respondent.

SHENK, J.—Appeal from a judgment in favor of the plaintiff in an action to quiet title.

On the 23d of September, 1929, the plaintiff was the owner of 2,743 acres of land in Alameda County. On that day, as lessor, she executed a lease of the premises to the defendant, Alexis W. Courtial and Walter S. Kingsbury as lessees. The lease recites "that the lessor, for and in consideration of ten dollars to her in hand paid, the receipt whereof is hereby acknowledged, leases to the lessees" the land which is particularly described; and further provides in respects pertinent to this controversy that "this lease is for a period of one year from the date hereof and no longer unless the further conditions as to extensions of time by additional rental payments have been complied with by said lessees, or the drilling for oil has been commenced and continued within the first one year period in good faith, and all other conditions and covenants of this lease are fully complied with by said lessees, and said lease shall be on the following terms and conditions . . . (3) the lessees agree to start the drilling of a well for oil upon the premises herein leased within one (1) year from the date of this agreement, and to faithfully con-

tinue the work of drilling said well, after commencing the same, with due diligence. . . . If said lessees have not complied with paragraph three (3) within the first year of this lease, viz.: if said lessees have not commenced the drilling of a well for oil upon the premises herein leased within one (1) year from the date of this agreement, and shall not have continued the work of drilling said well after commencing the same, with due diligence . . . then . . . said lessees may extend the period of commencing the first well for an additional period of four (4) years by paying to the lessor, in advance, upon the fifteenth day of September, 1930, and upon the fifteenth day of September of each year thereafter until said four (4) years shall have elapsed, a rental of $2743 per annum, which shall be rental paid in advance for each year of said four (4) year period, which said rental shall cease when drilling operations are commenced in good faith. and continued with due diligence in good faith as provided in paragraph three (3) . . . (20) Any breach of any of the terms or conditions of said lease by the lessees or their assigns before discovery of oil upon said premises . . . in paying quantities . . . or if the said lessees or their assigns shall fail to pay the rent of $2743 per annum as herein provided when due, shall absolutely, without notice, terminate, annul, set aside and forfeit this lease, and said lessees or their assigns shall have no further right or interest of any kind whatsoever in and to said premises, and all of said premises shall immediately, without notice, revert to said lessor, and all interest of said lessees or their assigns shall be forfeited, annulled and said lessees hereby absolutely agree without any qualification to said forfeiture and waive all notice in event of any breach or failure to pay rent as aforesaid.''

Under date of October 17, 1929, Courtial and Kingsbury, the lessees, assigned said lease to George H. Shank, George K. Kolls and John W. Luter. On January 31, 1930, Shank, Kolls and Luter assigned said lease to the Alameda Petroleum Company, a corporation whose articles of incorporation were filed in this state by Courtial, Shank and W. A. Edwards, as incorporators. On May 28, 1930, Kingsbury and Shank again assigned all of their right, title and interest in and to said lease to the defendant, A. M. Gilstrap.

Concluding that neither the lessees nor their assigns had started the drilling of a well for oil upon the premises prior to September 29, 1930, and that the rental of $2,743, due on September 15, 1930, had not been paid, the plaintiff commenced this action on October 27, 1930, to quiet her title as against the recorded lease and the assignments thereof. The defendants named were Alexis W. Courtial, A. M. Gilstrap, Alameda Petroleum Company, a corporation, and numerous fictitious defendants. Courtial and the corporation defendant defaulted. Gilstrap answered, admitting his alleged claim of interest in said lease, affirmatively alleging an interest therein by the assignment to him from Kingsbury on May 28, 1930, and alleging full performance by him of the terms of the lease. The action was dismissed as to the fictitious defendants.

The court found that the drilling for oil on said premises had not been commenced within the specified time and that the rental required in order to extend the lease beyond September 15, 1930, had not been paid. Judgment was entered accordingly. Gilstrap alone appealed and he will be referred to as the defendant.

It appears without contradiction in the evidence that the defendant Courtial was the one who negotiated with the plaintiff for the execution of said lease; that the plaintiff at all times prior to the execution of the lease demanded a rental of $1 per acre per annum until oil in paying quantities was discovered; that the negotiations for the lease were concluded on or about July 30, 1929, on which day Courtial paid to the plaintiff the sum of $1,000 as a deposit on a lease to be prepared by Wiliam H. Donahue, one of the plaintiff's attorneys; that thereafter and on or before the execution of the lease the plaintiff was paid the further sum of $1743. The plaintiff introduced evidence which, if admissible and properly in the record, established beyond dispute that the $10 recited in the lease as having been paid upon the execution of the lease on account of the first year's rental, was not paid in that specific amount; that the first year's rental was at the rate of $1 per acre and the whole of the sum of $2743 was paid to the plaintiff on or before the execution of the lease as and for the rental for the one year ending September 23, 1930. The defendant objected to this evidence on the

ground that it tended to vary the terms of the written contract which recited the sum of $10 as the consideration for the first year's rental, relying upon section 1856 of the Code of Civil Procedure and authorities to the same effect, viz.: That when the terms of a contract are reduced to writing it is to be considered as containing all of the terms of the agreement, except in the cases excluded by the section itself, none of which is here present. The plaintiff relies on subdivision 2 of section 1962 of the same code as supplying a further exception to the general rule urged by the defendant, viz.: That the truth of the recital in a written instrument of the consideration thereof is not conclusive, but that the true consideration may be shown by extrinsic evidence. The position of the plaintiff in this respect is well supported, both by the code section and by the authorities. (*Royer* v. *Kelley*, 174 Cal. 70 [161 Pac. 1148]; 6 Cal. Jur., p. 197 et seq., and cases therein cited.) The plaintiff's evidence as to the true consideration for the first year's rental was therefore admissible and is properly in the record. ▮ It must be held that the rental required on September 15, 1930, was not, under the evidence, paid within time or at all and the failure of those interested in the lease to comply with its terms in this respect terminated their rights thereunder unless it should be said that the further finding of the court that the lessees, their successors and assigns, did not "commence the drilling of a well for oil upon the premises" within one year from the date of the lease is without evidentiary support. The evidence on this point was from several sources. The plaintiff testified that she inspected the premises on September 30, 1930. She saw a boy on the place and no one else and nothing on the property indicating any activity under the lease except some old lumber in disorder and some tools on the ground. Her brother, Luke B. Carr, also inspected the premises in October and all he saw was some old twisted iron, old lumber, some wooden wheels and a little tank. By the testimony of other witnesses, including the defendant himself, it is conclusively established that no drilling for oil was commenced prior to September 23, 1930, nor in fact prior to the trial. We conclude that the finding was amply supported by the evidence.

■ During the course of the trial the plaintiff contended that the defendant obtained nothing by the assignment to him from Kingsbury and Shank on May 28, 1930. There is much force in the contention. Kingsbury had assigned to Shank, Kolls and Luter on October 17, 1929. These three had joined in the assignment to the Alameda Petroleum Company on January 31, 1930. These assignments, if valid, vested in the corporation the title to the lease and Kingsbury and Shank had nothing to assign in the following month of May. The assignment to the corporation has not, we think, been successfully impeached, but we need not base an affirmance on that ground for the reason that the findings and judgment are otherwise supported.

■ It is further insisted by the defendant that in this class of actions the plaintiff must prevail, if at all, on the strength of her own title and not on the weakness of the defendant's title, and that in this case she failed to establish title in herself. It sufficiently appears that the plaintiff acquired her interest in said real property by decree of distribution in the matter of the estate of George Johnston, deceased. Furthermore, the plaintiff's title, alleged in the complaint, is admitted in the defendant's answer.

We find no error in the record.

The judgment is affirmed.

Curtis, J., Preston, J., Tyler, J., *pro tem.*, Waste, C. J., Seawell, J., and Langdon, J., concurred.