SAETA, J.
I respectfully dissent.
International Industries, Inc. v. Olen (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] is the latest expression of the Supreme Court on the application of Civil Code section 1717 to the issue of attorney’s fees following a dismissal. As I read International, two policy *Supp. 30 decisions are articulated which determined the result: (1) dismissals before trial should end the case—there should be no later dispute over attorney fees to the successful defendant; and (2) equitable considerations must rise over formal ones so that section 1717 is not applied rigidly.
Applying these two principles leads me to an affirmance of the trial court. As to the first point, and unlike the situation in International or in Associated Convalescent Enterprises v. Carl Marks & Co., Inc. (1973) 33 Cal.App.3d 116 [108 Cal.Rptr. 782], the case at bench was tried and the dismissal occurred after the judgment for plaintiff was reversed on appeal. There was no prolongation of the litigation by the defendant in order to claim attorney’s fees after the plaintiff was able to obtain the relief it sought or determined that the claim was not valid. Thus the evils seen by the Supreme Court in the pretrial dismissal context are not present here.
As to the second point, to deprive an appellant of the attorney fees earned in obtaining a reversal does not seem a proper application of equitable considerations. The defendant is sued and must defend. If prior to trial plaintiff abandons the lawsuit with a dismissal, the defendant has not generally been harmed to any great extent in the costs of defense. But after a trial, and after a successful appeal, that defense has become costly and section 1717 should come into play. Under Code of Civil Procedure section 1034 defendant as the successful appellant should have been able to claim his fees on appeal within 30 days of filing of the remittitur.[1]
Instead of using the cost bill procedure of Code of Civil Procedure section 1034, fees on appeal could have been awarded under California Rules of Court, rule 135; T.E.D. Bearing Co. v. Walter E. Heller & Co. (1974) 38 Cal.App.3d 59, 65 [112 Cal.Rptr. 910]; Wilson v. Wilson (1960) 54 Cal.2d 264, 272 [5 Cal.Rptr. 317, 352 P.2d 725]; Western Camps, Inc. v. Riverway Ranch Enterprises (1977) 70 Cal.App.3d 714, 730 [138 Cal.Rptr. 918]. To me it is anomalous to say that the appellant cannot recover his appeal fees from the trial court but could from the appellate court. It should be noted that the trial judge only allowed fees for the appeal and not for the trial work of counsel.
The majority and dissenting opinions in International differed in the interpretation of the statutory language of Civil Code section 1717 *Supp. 31 relating to “the party in whose favor final judgment is rendered.” As has been noted, there was no judgment other than the pretrial dismissal under the facts of International. The majority’s requirement of a judgment on the merits seems satisfied here with the judgment on appeal. (See Cal. Rules of Court, rule 135.) That judgment, once it became final, was binding on the parties in the event of a retrial. In my opinion, it had the finality required by the letter and spirit of Civil Code section 1717.

 As the majority does not reach the question of the timeliness of the application for fees I do not feel it necessary to explore this matter except to say the trial judge was acting well within his discretion in allowing relief for the late filing of the cost bill.