8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ADVANCED SLEEP PRODUCTS, Plaintiff-Appellee,
v.
Norman SOEP; Paul Romanelli, Defendants-Appellants.
 No. 91-55867.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 30, 1993.
 
 Before NOONAN, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norman Soep and Paul Romanelli appeal the district court's pretrial rulings in this action to enforce a guaranty. We affirm, but remand for a determination of attorney fees for this appeal.
 
 BACKGROUND FACTS
 
 3
 Nimbus Bedrooms, Inc. was engaged in a retail waterbed business, selling the "Wavecrest" line of products supplied by Advanced Sleep Products (ASP). In consideration for extending a line of credit to Nimbus, ASP required personal guarantees (the Guaranty) from Soep and Romanelli (Guarantors). The Guaranty was executed August 1, 1989 and expired September 30, 1989. Nimbus was in financial distress and ASP agreed to supply product to Nimbus on a C.O.D. basis. Nimbus's check bounced. Although Guarantors made the check good, ASP refused to continue supplying product. Nimbus filed a petition in bankruptcy on October 2, 1989, and thereafter ASP filed this action to enforce the Guaranty.
 
 DISCUSSION
 
 4
 A. Substitution of Plaintiff.
 
 
 5
 This action was commenced by Wavecrest, Inc. Counsel later discovered that Wavecrest was a trade name used by ASP and obtained leave to amend the complaint to substitute ASP as plaintiff. Guarantors contend that Wavecrest is a nonexistent corporation, that a nonexistent corporation does not have capacity under California law to commence suit, and therefore does not have capacity to amend the complaint.
 
 
 6
 Any incapacity to commence suit was removed prior to amendment of the complaint when ASP filed a fictitious business name statement pursuant to California law. See Tyrone v. Kelley, 9 Cal.3d 1, 13-14, 106 Cal.Rptr. 761, 507 P.2d 65 (1973). The district court's finding that Wavecrest was a dba used by ASP and that Guarantors were aware of a relationship between the names is supported by correspondence between the parties and is not clearly erroneous. Because the statute of limitations had not expired and discovery was reopened, there was no possible prejudice to Guarantors. Accordingly, the district court did not abuse its discretion in permitting the amendment to the complaint.
 
 
 7
 B. Sanctions.
 
 
 8
 The district court sanctioned Guarantors $2500, payable to ASP, for their failure to obey the court's order to appear at the hearing on the motion to amend the complaint. Guarantors do not suggest that the court did not have authority to sanction them. They argue that they were unaware of the order and relied on counsel's advice that they need not appear. Ignorance, however, is not a legal excuse. See Staatz v. Dupnik, 789 F.2d 806, 808 (9th Cir.1986). The district court did not abuse its discretion in imposing the sanction.
 
 
 9
 C. Debt Covered by Guaranty.
 
 
 10
 A guaranty must be interpreted "consistent with the expressed intent of the parties under an objective standard." Home Fed. Sav. & Loan Ass'n v. Ramos, 229 Cal.App.3d 1609, 1613, 284 Cal.Rptr. 1 (1991); see Cal.Civ.Code § 2837 (West 1993); see also id. § 2787 (no distinction between surety and guarantor). Guarantors have not appealed the district court's ruling that parol evidence regarding Guarantors' understanding of the Guaranty would be inadmissible. For this reason, we do not address Guarantors' arguments regarding the estoppel defense which are themselves based on parol evidence.
 
 
 11
 We interpret the Guaranty based on the plain language of the agreement. The first paragraph of the Guaranty unambiguously stated that Guarantors guaranteed payment of all indebtedness of Nimbus to Wavecrest whenever incurred. None of the specially negotiated provisions limit the Guaranty to debt incurred during the term of the Guaranty, i.e., C.O.D. payments.
 
 
 12
 Guarantors' interpretation does not make sense under the circumstances. The function of the Guaranty was to provide the creditor with additional security for the entire indebtedness. See, e.g., RCA Corp. v. Hunt, 133 Cal.App.3d 903, 905-06, 184 Cal.Rptr. 633 (1982). The Guaranty recites that it includes "any and all ... debts ... heretofore, now, or hereafter made...." Those words admit only of the interpretation that the Guaranty applies to past as well as future indebtedness. The word "heretofore" requires the conclusion.
 
 
 13
 Nimbus had accrued a large past due balance, its financial circumstances were worsening, and up to $230,000 of debt was guaranteed. Yet Guarantors assert that ASP was only interested in insuring payment for product supplied on a C.O.D. basis during two months (approximately $40,000) and did not seek security for the past due balance although ASP had previously required guaranties when Nimbus was not operating on a C.O.D. basis. The district court correctly ruled as a matter of law that the Guaranty covered all indebtedness of Nimbus for ASP product up through the end of the Guaranty period.
 
 
 14
 D. Conditions Precedent.
 
 
 15
 Guarantors contend that they were relieved of liability because ASP failed to satisfy the conditions precedent in the Guaranty. The district court correctly ruled as a matter of law that the conditions were satisfied or ASP was excused from performance by Nimbus's breach of contract.
 
 
 16
 1. Extension of C.O.D. Terms.
 
 
 17
 The Guaranty provided that ASP was obligated to supply product to Nimbus on a C.O.D. basis. C.O.D. means "cash on delivery" or "collect on delivery." 67 Am.Jur.2d Sales § 552 (1985). The very reason that parties transact business on a C.O.D. basis is because the seller does not intend to advance credit to the buyer and wants to insure that he is paid in cash upon delivery of the goods. Cermetek, Inc. v. Butler Avpak, Inc., 573 F.2d 1370, 1379 (9th Cir.1978). The district court correctly held that ASP was relieved from selling product to Nimbus on a C.O.D. basis when Nimbus gave ASP bad checks. ASP's refusal to continue to supply product did not relieve Guarantors of liability. That is true, even if Nimbus was willing to continue to purchase product after its defaults.
 
 
 18
 2. Plan to Pay Down Past Due Balance.
 
 
 19
 The Guaranty obligated ASP to "help develop a plan to pay down the past due balance." Guarantors contended that they proposed several alternatives to pay down the balance and that ASP did nothing (except apply C.O.D. payments to the balance), and therefore Guarantors were relieved of liability. At the pretrial conference, ASP represented that it had proposed a pay down schedule. Guarantors did not object or claim that the schedule was inadequate. The district court did not then make any ruling with respect to whether this condition was satisfied. At the conclusion of the conference, the court asked the lawyers to inform the court if any triable issue of fact remained for the jury. Guarantors did not claim that there was an issue with respect to ASP's help in developing a plan to pay down the balance. Instead, Guarantors proceeded to stipulate to entry of judgment. Guarantors have therefore waived any claim that this condition was not satisfied.
 
 
 20
 3. Exhaustion of Legal Remedies Against Nimbus.
 
 
 21
 ASP did everything legally possible to collect from Nimbus before it instituted this action on the Guaranty. ASP filed a proof of claim in the bankruptcy proceedings. The proof of claim has the same effect as if ASP had reduced the debt to judgment. Even if relief from the automatic stay were obtained, initiating legal proceedings would only have incurred attorney fees and costs which would be added to the debt and ultimately charged to Guarantors. The district court correctly ruled that ASP exhausted its legal remedies against Nimbus as a matter of law. See Glickman v. Collins, 13 Cal.3d 852, 862-63, 120 Cal.Rptr. 76, 533 P.2d 204 (1975).
 
 
 22
 E. Attorneys Fees on Appeal.
 
 
 23
 As the prevailing party on a breach of contract claim, ASP is entitled to recover attorney fees and costs for defending this appeal. Cal.Civ.Code § 1717 (West Supp.1993); e.g., Wilson v. Wilson, 54 Cal.2d 264, 272, 5 Cal.Rptr. 317, 352 P.2d 725 (1960). Upon remand the district court shall determine ASP's attorney fees for this appeal.
 
 
 24
 AFFIRMED, but REMANDED for the determination of attorney fees.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3